## SUPREME COURT.

### Mann and others agt. Tyler and others.

An allowance for extra costs must be made by the " court," and not by a jus-tice at chambers (*Code,* § 308).

*It seems,* that the application may be made without a formal notice, before the justice at the trial of the cause at the circuit, if he at the same time holds a special term.

When the motion can not, for any cause, be made before the justice trying the cause, it may be made upon notice at a proper term, held by another justice.

*Special Term, October* 1851.—*Extra allowance.*

B. Pond, moved before Justice Hand, at his chambers, for an extra allowance of costs. The cause was tried before him without a jury in Albany, in which county the venue was laid, and in April 1850, he gave judgment for plaintiff. The defendant appealed and the judgment was affirmed in September 1851. The affidavits on the part of plaintiff showed that the costs had not been taxed, nor the judgment roll filed. None of the parties or their attorneys resided in the 4th judicial district.

C. B. Gay, *Contra.*

HAND, Justice.—Allowances of extra costs must be made by the " court," and not by a justice at chambers (*Code*, § 308). Perhaps there is no objection to entertaining the application at the time of the trial without a formal notice, if the same judge is then holding a special term. That, I suppose, is what Mr. Justice PARKER intended to say in Van Rensselaer agt. Kidd (5 *How.* 242). But if not made then, notice should be given as in other cases. Rule 86 requires the application to be made to the court before which the trial is had or judgment rendered. But after judgment has been rendered in the cause before the single judge, in what would before the Code have been an action at law, he does not, at his chambers, act as court, except in cases prescribed by the statute (*Code*, § 400, 401, 27, 247; *Jud. Act*, § 16, *amendment of* § 16). In other respects the old distinctions between chamber and term duties in actions at law, I suppose are retained (*Code*, § 402, 469, 414; 1 *Burr. Pr.* 348; Clark v. Judson, 2 *Barb. S. C. R.* 93). Sections 27 and 400 of the Code have not affected the practice in this respect.

It follows also that this motion can not be made in the county of Essex (*Code*, § 401). Rule 86 does not, in terms, require the motion to be made before the same judge who tried the cause, though that result perhaps was intended, and it is the most convenient practice (Dyckman agt. McDonald, 5 *How.* 121; Van Rensselaer agt. Kidd, *id.* 242). But the statute controls. When the cause is tried by referees the application must come before this court on motion, upon papers duly served (Howe agt. Muir, 4 *How. Pr. R.* 252). Sackett agt. Ball, (4 *id.* 71), Niver agt. Rossman (5 *id.* 154), Fox agt. Gould (*id.* 278), were cases of reference. And where an issue of fact is tried at the circuit, the Supreme Court in which the action is in fact pending, and not the Circuit Court, is " the court" intended by the statute (§ 308. And see § 401). Hardly any step, except to try or refer, can be taken at the circuit in a cause pending in the Supreme Court (2 *R. S.* 201, § 13, 383, § 41; *Const. of* 1821, *art.* 5, § 5; *Const. of* 1846, *art.* 6, § 6, 9; *Jud. Act.* § 22; *Code* § 9, 10, 255). And except to grant a new trial on the judge's minutes (*Code*, § 264). The

judgment to be entered on the verdict (§ 264, 265) is entered in in Supreme Court. A judgment roll containing an entry of judgment in the Circuit Court would be an anomaly. Where the motion can not, for any cause, be made before the judge trying the cause, it may, no doubt, be made at a proper term help by another judge. The remedy of a party given by statute could not be taken away by a rule of court.

The application refused.