(100 App. Div. 325)

### KELLER v. KELLER.

(Supreme Court, Appellate Division, First Department. January 6, 1905.)

1. CONTEMPT—DIVORCE—ORDER INCREASING ALIMONY—FAILURE TO COMPLY WITH ORDER—ORDER FOR COMMITMENT—MOTION TO VACATE—QUESTIONS DETERMINABLE.

Where the unsuccessful defendant in divorce failed to comply with an order increasing alimony and requiring a bond for payment of the alimony, and thereafter an order for his commitment for contempt was entered on his default, his motion to vacate such order could only be granted on a showing that the court was without jurisdiction to proceed against him in contempt proceedings; and the question whether the order increasing the alimony was properly served on him, and whether he was bound to comply with it, was not determinable.

2. SAME—CONTEMPT—SERVICE OF ORDER—SUFFICIENCY OF SERVICE.

Code Civ. Proc. § 2269, relative to contempt of court, provides that the court or judge authorized to punish may, where the case is one requiring the payment of a sum of money, on being satisfied of the commission of the offense, either make an order requiring the accused to show cause why he should not be punished, or issue a warrant of attachment, commanding the officer to arrest accused and bring him before the court; and, by section 2273, an order to show cause is equivalent to a notice of motion, and subsequent proceedings thereon are taken as upon a motion made therein. An order was entered amending a previously entered judgment of divorce by increasing the amount of alimony, and by requiring defendant to give bond for the payment of the alimony. Defendant failed to comply with the order, and subsequently an order was entered requiring defendant to show cause why he should not be punished for contempt, a copy of which order was served on the attorney for the defendant, who had appeared in the action prior to the entry of judgment of divorce. *Held* that, it appearing that such attorney had no authority to appear for defendant after the entry of the final judgment, the service was insufficient, and the court acquired no jurisdiction over the person of defendant, and hence an order adjudging him in contempt should have been vacated.

Appeal from Special Term, New York County.

Action for divorce by Anna L. Keller against Augustus R. Keller, in which plaintiff had judgment. From an order denying a motion to vacate an order entered on default adjudging defendant guilty of contempt in failing to comply with an order increasing alimony and requiring a bond, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Alfred Beekmann, for appellant.
Charles W. Lefler, for respondent.

INGRAHAM, J.   On April 21, 1902, a judgment was entered in this action granting the plaintiff a divorce from the defendant, and requiring the defendant to pay to the plaintiff certain alimony.   On the 14th day of May, 1904, an order was entered amending this judgment of divorce by increasing the amount of alimony to be paid from $85 to $125 per month, and by adding a provision by which the defendant was required to give a bond in the sum of $5,000, to be approved by one of the justices of this court, as security for the payment of the alimony and allowance therein provided. The defendant resided in the state of New Jersey.   A copy of this order amending the judgment was served upon the defendant by depositing the same in the post office in a sealed envelope, with the postage paid, addressed to him at his residence, in Plainfield, N. J., and a copy of the order was also served upon the attorney who had appeared for the defendant in the action in which the judgment of divorce was entered.   The defendant having failed to give the bond required by the judgment as thus amended, the plaintiff obtained an order requiring the defendant to show cause on the 25th day of July, 1904, why he should not be punished for a contempt in neglecting or refusing to give the bond required by the judgment as amended, and for further relief.   A copy of this order to show cause, and the papers upon which it was granted, were served on the attorney for the defendant who had appeared in the action prior to the entry of judgment; and, on the return of the order to show cause, no one appearing in opposition to the motion, an order was entered on August 4, 1904, reciting that a demand had been duly made on the defendant to comply with the provisions of the decree as amended, requiring the defendant to file a bond in the sum of $5,000, and that the said defendant had willfully neglected so to do, and that it appeared to the satisfaction of the court that the defendant's misconduct was calculated to, and actually did, defeat, impair, impede, and prejudice the rights and remedies of the plaintiff in the action, and ordering that a warrant issue to the sheriff of the county of New York, requiring the said sheriff to arrest the defendant and commit him to close custody in the common jail of said New York county until he should give the plaintiff a bond in the sum of $5,000, as required by the judgment.   Whereupon the defendant on August 12, 1904, appearing by attorney for the motion only, noticed a motion to vacate and set aside the order of August 4, 1904, adjudging the defendant in contempt, on the ground that "the affidavits on which said order was made are insufficient, in that the papers fail to show that a copy or certified copy of the order directing the defendant to file security for the payment of alimony was served personally on the defendant"; that "the papers fail to show that a personal demand was made on the defendant, and that he has refused to comply with such demand"; that the order to show cause was not served on the defendant in person; and that the order committing the defendant failed to adjudicate that the defendant's refusal to comply with the demand had defeated, impaired, and prejudiced the rights of the plaintiff.   This application was based upon an affidavit of the attorney who ap-

peared for the defendant in the action prior to the entry of judgment, stating that the deponent was not at the time of the service of the motion papers herein, and had not been for some time prior thereto, and was not at that time, the attorney for the defendant in the above-entitled action. In answer to this motion an affidavit was submitted showing that the defendant resided in Plainfield, N. J.; that he had a place of business in the city of New York, but that it had been found impossible to serve him personally in New York county; that the defendant was in default in the payment of the alimony directed to be paid by said judgment of divorce; that the defendant had subsequently married a person with whom he had committed the adultery upon which the judgment of divorce was obtained, and resided with such person in Plainfield, N. J.; and this motion coming on to be heard at Special Term, and the plaintiff appearing and opposing, the motion was denied, and from the order entered thereon the defendant appeals.

It did not appear that the order requiring the defendant to show cause why he should not be committed for contempt had ever been served on the defendant, other than the service upon his attorney that appeared for him prior to the entry of judgment in the action for divorce. The proceedings to punish for contempt are regulated by the provisions of the Code of Civil Procedure (sections 2266 and 2292, inclusive). Section 2269 of the Code provides that the court or judge authorized to punish for the offense may, in its or his discretion, where the case is one of those specified in either of the last two sections (requiring the payment of a sum of money), or for an offense committed in the immediate view and presence of the court, and in every other case upon being satisfied by affidavit of the commission of the offense, either make an order requiring the accused to show cause why he should not be punished for the alleged offense, or "issue a warrant of attachment, directed to the sheriff of a particular county, or, generally, to the sheriff of any county where the accused may be found, commanding him to arrest the accused and bring him before the court or judge, either forthwith, or at a time and place therein specified, to answer for the alleged offence." Section 2273 provides that an order to show cause is equivalent to a notice of motion, and the subsequent proceedings thereon are taken in the action or special proceeding as upon a motion made therein. Section 2285 provides that, where the misconduct proved consists of an omission to perform an act or duty which it is yet in the power of the offender to perform, he shall be imprisoned only until he has performed it and paid the fine imposed. The order to show cause why this defendant should not be punished for contempt was in pursuance of the provisions of subdivision 1 of section 2269 of the Code; and by section 2273 it was equivalent to a notice of motion, and the subsequent proceedings thereon are to be taken in the action or special proceeding, as upon a motion made therein. In considering the effect of these provisions, it must be borne in mind that the defendant did not appear in answer to the motion to punish him for contempt, nor did he apply to open his default and be allowed to be heard upon that

motion. His motion is to vacate the order entered upon default, and that could only be granted upon its appearing that the court was without jurisdiction to proceed against him and make the order which he sought to have set aside. If the defendant was properly before the court, and the court had jurisdiction to determine whether or not the proper steps had been taken to subject him to a punishment for an offense, the court below was justified in refusing to vacate this order, leaving the defendant to comply with the judgment as modified, or to apply to the court to open his default and allow him to be heard in opposition to the motion. The questions, therefore, as to whether or not the order amending the judgment was properly served upon the defendant, and whether he was bound to comply with it, could not be determined upon this application. If the order requiring the defendant to show cause why he should not be punished for a contempt was properly served, so that he was bound to appear and show cause, the court acquired jurisdiction; and the question for its determination then was whether the defendant was bound to comply with the amended judgment, and, if he had not in fact complied with it, whether it was proper to punish him for contempt. Upon proof being submitted to the court that he had failed to comply with the judgment as amended, the court could either issue an order requiring him to show cause why he should not be punished for his contempt, or issue a warrant requiring the sheriff to arrest the defendant and bring him before the court. An order to show cause was granted, but, before any adjudication upon that order could be had, it was necessary to acquire, by proper service of the order to show cause, jurisdiction over the defendant. That jurisdiction was sought to be obtained in this action by the service of a copy of the order to show cause upon the attorney who had appeared for him in the action in which the judgment of divorce was granted prior to the entry of the original judgment. It should also be borne in mind that this is not a proceeding to enforce the original judgment entered in the action in which the attorney upon whom the order to show cause was served had appeared for the defendant. It was to enforce a judgment which had been modified by an order entered long after the original judgment had been entered, and, so far as appears, after the authority of the attorney who had appeared for the defendant in the action had ended by the entry of final judgment. No attempt was made to serve this order to show cause upon the defendant out of the state, and no notice of the order to show cause was given to him personally.

The case of Pitt v. Davison, 37 N. Y. 235, is relied upon by the plaintiff. That case was under the Revised Statutes, before the enactment of the provisions of the Code of Civil Procedure. These provisions of the Revised Statutes were, in substance, the same as section 2269 of the Code of Civil Procedure. It was held in that case that, if the proceeding by attachment is adopted, the party accused is to be arrested and brought personally before the court, and no order for punishment for the misconduct, by fine or imprisonment, can be made, unless the party accused shall have been

brought personally into court upon the attachment; that, if the other mode of proceeding is adopted, there is no specific direction in the statute in regard to the manner in which the order to show cause shall be served. In that case the mode of proceeding was by an order to show cause, and the question was whether personal service upon the defendant under the order to show cause was necessary; and it was held that the order to show cause was a proceeding in the action, and the court was proceeding in the mode prescribed by the statute to execute its judgment; that the order to show cause provided for by the statute, in the absence of any statutory provision to the contrary, was then governed by the practice of the court in regard to orders to show cause, both in respect to its service and the further proceedings upon it; that service upon the attorney was sufficient to bring the defendant before the court, because it appeared that the defendant had avoided the service of a prior order to show cause, and that after service of the second order by the direction of the court upon the attorney, and as, before the granting of the order on which the defendant was arrested and imprisoned, he consulted with his attorney, and had not denied that the attorney was authorized to appear for him and oppose the granting of the order for his arrest and imprisonment, and did actually appear for that purpose, it was clear that the attorney was to be regarded as the defendant's attorney when the service was made; and that the order to show cause was in all respects sufficient.

To sustain this order, we must go much further than the court did in Pitt v. Davison, for here the proceeding is to enforce a provision not in the original judgment entered upon the appearance of the attorney served with the order to show cause, but in a modification of that judgment, made long after the authority for this attorney to appear for the defendant had ceased; and where it affirmatively appears that neither at the time the original judgment of divorce was modified, nor at the time of the service of this order to show cause, was this attorney authorized to appear for the defendant, either in the action in which the judgment had been entered, or upon the proceeding to enforce it. The authority for the attorney to appear for this defendant ceased upon the entry of final judgment, two years before this application to punish for contempt was made, and long before the judgment was modified by requiring the defendant to file a bond, a failure to file which constitutes a contempt. In Goldie v. Goldie, 77 App. Div. 12, 79 N. Y. Supp. 268, the Appellate Division, in the Fourth Department, expressly held that service upon the defendant's attorney after judgment was not sufficient to justify the court in granting an order committing the defendant for contempt; that the defendant was never personally before the court, and for that reason the order for his arrest and imprisonment was unauthorized. There was a dissent in that case, but it was based upon the provisions of section 1773 of the Code of Civil Procedure, which applies only to enforcing an order requiring the defendant to pay a sum of money for the support and maintenance of his wife and children. To justify this order, the

court must have acquired jurisdiction over the person of the defendant. It could only acquire such jurisdiction by personal service upon the defendant, or by service upon an attorney who had appeared for him in the action or proceeding. Such jurisdiction was sought to be acquired here by the service of an order to show cause upon an attorney who had appeared for the defendant in the action before the judgment was entered, but whose authority had been ended by the entry of judgment. There is no presumption that the attorney who had appeared for the defendant in the action prior to the final judgment had authority to appear in subsequent proceedings. But in this case it affirmatively appears that this attorney had no authority to appear, and I cannot see that the service upon him was any more service upon the defendant than would be the service upon any other attorney residing in this department. It follows that the court below acquired no jurisdiction over the person of the defendant by the service of this order to show cause, and for that reason the order adjudging the defendant in contempt should have been vacated.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the order adjudging the defendant in contempt vacated, with $10 costs. All concur.