WEEKS v. COE.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

1. CONTEMPT—ORDER TO SHOW CAUSE—SERVICE—SUFFICIENCY.

An order to show cause why an attorney of record for a party should not be punished for contempt must be personally served on the attorney, and a service on one who had appeared as counsel for the attorney on a motion in the action, but who had ceased to act as counsel, is insufficient.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Contempt, § 155.]

2. SAME—ORDER TO SHOW CAUSE—SERVICE ON COUNSEL—NATURE OF ORDER AUTHORIZED.

Where an order to show cause why the attorney of record for a party to an action should not be adjudged guilty for contempt was served on one who had appeared as counsel for the attorney in the action, an order requiring the attorney to deposit in a certain trust company moneys received by him as attorney for plaintiff was unauthorized, because not akin to the order asked for, though the service on the attorney's counsel was sufficient.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Contempt, § 195.]

Hirschberg, P. J., dissenting.

Appeal from Special Term, Westchester County.

Action by Count W. Weeks against E. Holloway Coe, executor of E. Frank Coe, deceased. From an order requiring Henry M. Whitehead, attorney for plaintiff, to deposit money received by him in the action, he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Thaddeus D. Kenneson, for appellant.
John Oscar Ball (A. P. Bachman, on the brief), for respondent.

RICH, J. This is an appeal by an attorney at law from an order requiring that he deposit in a certain trust company moneys received by him in an action in which he was the attorney of record for the plaintiff, made upon the return of a "show cause order," requiring him to show cause why he should not be adjudged in contempt of court, and why such other and further order should not be made in these proceedings as might to the court seem just and equitable. At the time when this order was granted the appellant was away on his vacation, and service was not made upon him personally. It is claimed, however, that it was served upon his counsel, pursuant to a direction therein contained, who appeared specially upon the return thereof, and called attention to the fact that the "show cause order" had not been served upon the appellant, and that, as he had ceased to act as his attorney, he had no authority to appear for him in the proceedings.

We think that in entertaining the proceedings and making the order from which this appeal is taken the learned court at Special Term acted

without jurisdiction. It is true that the attorney upon whom the service was made had appeared as counsel for the appellant upon a motion in this action some months prior to the date of the pretended service upon him, but he had ceased to act for him as his counsel. Even if the relation of counsel and client continued to exist, this would not validate the service of the "show cause order." It was a new proceeding, in which it was not pretended that appellant had engaged counsel to represent him. "A proceeding relative to a contempt is a new proceeding, requiring new authority to the attorney. He has no general authority to accept service of an order to show cause in proceedings against the party for contempt. Personal service is necessary." Weeks, Attys. at Law (2d Ed.) § 243; Pitt v. Davison, 37 Barb. 97. It is true the appellant was not adjudged in contempt. An entirely different order was made from the one contemplated in the "show cause order." The person upon whom it is claimed the service was made had no way of knowing before the hearing the nature of the order to be asked for. In a case where service upon an attorney can properly be made, the notice ought to be so definite that a reasonable opportunity is given to oppose. Here the general prayer for relief did not give such notice. "Under a general prayer for relief upon a motion, every possible relief should not be granted, but it should be allied to what is asked for." Boston Nat. Bank v. Armour, 50 Hun, 176, 177, 3 N. Y. Supp. 22. Appellant was required to show cause why he should not be adjudged in contempt. We do not think the order made was akin to that asked by plaintiff. It follows, therefore, that it must be reversed, with costs.

Order reversed, with $10 costs and disbursements. All concur, except HIRSCHBERG, P. J., who dissents.