### WEICH v. WEICH.

(Supreme Court, Special Term, Queens County. May, 1908.)

1. DIVORCE—ALIMONY—FAILURE TO PAY—CONTEMPT—ORDER—SERVICE ON AT-TORNEY.

Where defendant, in an action for divorce, was personally served with an order requiring him to pay alimony pendente lite, an order requiring him to show cause why he should not be adjudged guilty of contempt for failure to comply with the order for alimony might be properly served on his attorneys.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 759.]

2. SAME—JUDGE'S ORDER.

Under Code Civ. Proc. § 1773, governing matrimonial actions, and con-ferring power on the court to grant an order to show cause why a hus-band should not be punished for contempt for failure to obey an order requiring payment of alimony pendente lite,. a judge's order against a husband to show why he should not be so punished was without jurisdic-tion and void.

Action by Annie Weich against Joseph Weich. On motion to dis-charge him from custody. Motion granted.

James M. Seaman, for the motion.
Rawdon W. Kellogg, opposed.

STAPLETON, J. The defendant, who was adjudged guilty of contempt and committed to jail for disobedience to an order re-quiring him to pay alimony pendente lite, moves to vacate the or-der adjudging him guilty and for his discharge from custody.

It appears he was personally served with the order for disobedience of which he was punished, but that he was not served personally, although his attorneys were, with the order requiring him to show cause why he should not be adjudged guilty of contempt. There is a conflict of authority. In Goldie v. Goldie, 77 App. Div. 12, 79 N. Y. Supp. 268 (Fourth Department), it was held that service of the

order to show cause upon the attorney for the party was insufficient, and that personal service of that order was indispensable. In Grant v. Greene, 121 App. Div. 756, 106 N. Y. Supp. 532 (First Department), it was held that service upon the attorney satisfied the Code requirements. The weight of precedent sustains the latter view (Pitt v. Davison, 37 N. Y. 235; Rochester Lamp Co. v. Brigham, 1 App. Div. 490, 37 N. Y. Supp. 402), and I am constrained to hold that service upon the attorney for the defendant was sufficient. I perceive, however, that the order to show cause was a judge's order, and section 1773 of the Code of Civil Procedure, which governs matrimonial actions (Stanley v. Stanley, 116 App. Div. 544, 101 N. Y. Supp. 725), confers the power to grant such an order explicitly upon the court. The order adjudging the defendant guilty of contempt and committing him to the common jail founded upon the unauthorized order to show cause was without jurisdiction, and void. Mann v. Tyler, 6 How. Prac. 235.

The order should be vacated, and the defendant discharged.