(64 Misc. Rep. 435.)

## CARR v. CARR.

(Supreme Court, Special Term, New York County.　September 14, 1909.)

1. DIVORCE (§ 269*)—CONTEMPT PROCEEDINGS—STATUTORY REMEDY.

The inception of contempt proceedings in matrimonial actions is regulated exclusively by Code Civ. Proc. § 1773, specifying the circumstances under which an application to punish may be made.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 269.*]

2. DIVORCE (§ 269*)—CONTEMPT PROCEEDINGS—STATUTORY REMEDY.

Under Code Civ. Proc. § 1773, specifying the circumstances under which an application to punish for contempt in matrimonial actions may be made and the form of the order which may be granted thereon, and providing that the subsequent proceedings must be taken as prescribed in article 19 of the judiciary law (Consol. Laws, c. 30) for the punishment of contempt of court, an order to show cause in a contempt proceeding in a matrimonial action may be served in the same manner as a like order is served in any other action, and service of the order to show cause on the attorney for defendant in a matrimonial action is sufficient.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 269.*]

Action by Emma W. Carr against Frank B. Carr.　Motion for an order to allow plaintiff to reargue an application to punish defendant for contempt of court.　Granted.

See, also, 130 App. Div. 903, 115 N. Y. Supp. 1115.

Abraham Goldfarb, for the motion.
John F. Harrington, opposed.

GIEGERICH, J.　It is true that the inception of contempt proceedings in matrimonial actions is regulated exclusively by the provisions of section 1773 of the Code, which specifies the circumstances under which an application to punish may be made and the form and substance of the order which may be granted upon such an application. Stewart v. Stewart, 127 App. Div. 724, 111 N. Y. Supp. 734; People ex rel. Ready v. Walsh, 132 App. Div. 462, 116 N. Y. Supp. 839. The same section provides, however, that when the order has been made the subsequent proceedings must be taken as prescribed in article 19 of the judiciary law (Consol. Laws, c. 30), which now embraces what was formerly title 3 of chapter 17 of the Code. There is, therefore, nothing in the statute which necessitates a holding that an order to show cause in a contempt proceeding in a matrimonial action requires to be served in any different manner than such an order in any other action, and that was the conclusion reached in Weich v. Weich, 59 Misc. Rep. 238, 110 N. Y. Supp. 201, although the point was not necessarily decided in that case.

The practice ought to be uniform in all cases, and there is nothing in the statutes or in the decisions to prevent such uniformity.　Indeed, the statute expressly requires it.　I think, therefore, that the service of the order to show cause upon the attorney for the defendant was sufficient.　State Bank v. Wilchinsky (Sup.) 118 N. Y. Supp. 578.　As pointed out in the case last cited, which was decided subsequent to the bringing on of the motion made herein to punish the defendant for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

contempt, the case of Goldie v. Goldie, 77 App. Div. 12, 79 N. Y. Supp. 268, upon the authority of which such motion was denied, was distinguished in Grant v. Greene, 121 App. Div. 756, 106 N. Y. Supp. 532, and was not in point.

The motion for a reargument of the motion to punish the defendant for a contempt is therefore granted, and the hearing of such motion will be set down for such time and at such place as shall be provided by the order to be entered hereon. Settle order on notice.