### In re SHAPIRO.

### STATE BANK v. WILCHINSKY et al.

(Supreme Court, Special Term, New York County.   September 2, 1909.)

CONTEMPT (§ 55*)—PROCEEDINGS TO PUNISH—SERVICE ON ATTORNEY.
Consolidated Laws, p. 2139, c. 30, § 757, provides that proceedings to punish for contempt are to be commenced either by an order to show cause or by the issuance of a warrant of attachment, and page 2141, § 761, declares, that an order to show cause is equivalent to notice of a motion, and that the subsequent proceedings are taken in the action or special proceeding as on motion. *Held*, that where a purchaser at foreclosure sale failed to complete the purchase and was ordered to pay to the referee the resulting damages, from which he appealed, but failed to give security to stay pro-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ceedings, an order to show cause why he should not be punished for contempt in failing to comply with the order was properly served at the office of the attorneys who represented him on the prior order.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 154, 155; Dec. Dig. § 55.*]

Action by the State Bank against Henry Wilchinsky and others. On motion to punish H. Shapiro for contempt. Continued.

See, also, 128 App. Div. 485, 112 N. Y. Supp. 1002.

J. J. & A. Lyons (Benjamin N. Cardozo and Alfred Lyons, of counsel), for the motion.

Charles L. Hoffman (Henry A. Friedman, of counsel), appearing specially, opposed.

GIEGERICH, J.  The respondent, Harris Shapiro, having purchased the premises which are the subject of this action at the foreclosure sale thereof, and having failed to complete his purchase by payment of the balance of the purchase price, an order was obtained by the plaintiff which directed the respondent to pay to the referee the amount of the resulting damages, which had been ascertained upon a reference had for that purpose. That order was served upon the respondent personally. In the proceeding in which that order was obtained and which was a special proceeding (Merges v. Ringler, 158 N. Y. 701, 53 N. E. 1128), the respondent was represented by the firm of Johnston & Johnston as his attorneys. The order was not obeyed, and the respondent appealed from it, but failed to give the security necessary to stay proceedings. Thereafter the order to show cause upon which the present motion is made was obtained. It directs the respondent and his attorneys to show cause why the respondent should not be punished as for a contempt in not complying with the directions of the previous order. This order to show cause was served at the office of Johnston & Johnston in the absence of both members of the firm, one of whom was in Europe and the other in the state of Maine at the time. It was not served upon the respondent personally, and the preliminary objection is made in his behalf that the court has not acquired jurisdiction to punish him.

The judiciary law (section 757, c. 30, p. 2139, Consolidated Laws) provides that proceedings to punish for a contempt are to be commenced either by an order to show cause or by the issuance of a warrant of attachment. It is further provided (Id. § 761) that where an order to show cause is used it is equivalent to a notice of motion, and that the subsequent proceedings thereupon are taken in the action or special proceeding, as upon a motion made therein. On the other hand, where a warrant of attachment is first obtained, an original special proceeding is thereby commenced. Id. § 762. In the case at bar the proceeding to punish for contempt is a proceeding in the special proceeding brought to compel the completion of the purchase, and is not itself a separate and original special proceeding (Pitt v. Davison, 37 N. Y. 235; Grant v. Greene, 121 App. Div. 756, 106 N. Y. Supp. 532), and the subsequent proceedings upon the order to show

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cause are to be taken as upon a motion made in the special proceeding. The papers upon a motion could, of course, be served upon the attorneys in the manner in which the order to show cause was served in the present case. The respondent was a party to the special proceeding, although not to the action, and I think my conclusion that the service was sufficient is sustained by the case of Grant v. Greene, 121 App. Div. 756, 106 N. Y. Supp. 532. In Matter of Depue, 185 N. Y. 60, 77 N. E. 798, upon which the respondent relies, the order requiring the person adjudged guilty of a contempt in failing to appear before a referee to testify as a witness in supplementary proceedings was not personally served upon him. Here the order which it is claimed the respondent disobeyed was personally served upon him. The case last cited, as well as Goldie v. Goldie, 77 App. Div. 12, 79 N. Y. Supp. 268, which may be claimed to apply to the present case, is distinguished in Grant v. Greene, supra, and for the reasons stated in the opinion in the latter case both of said cases were held not to be in point.

The objections are therefore overruled.

The counsel for the respondent upon the present motion in his brief requests, in the event of an adverse decision upon the objection so urged, that, in view of the absence of the respondent's regular counsel from the state, the hearing of the motion upon the merits be set for some time in October, when they will have returned. While I think I ought to grant the request that the motion be heard upon the merits, I would prefer to hear counsel orally at Special Term, Part 2, on Tuesday, September 7, 1909, regarding the time and place of such hearing, unless they will in the meanwhile agree upon the same. The papers are in the hands of the clerk.