TWELFTH WARD BANK OF CITY OF NEW YORK v. LUCKES et al.

(Supreme Court, Special Term, New York County. May 8, 1911.)

1. EXECUTION (§ 418*)—SUPPLEMENTARY PROCEEDINGS—SERVICE OF NOTICE.
    Under Judiciary Law (Consol. Laws 1909, c. 30) § 761, providing that an order to show cause is equivalent to a notice of motion, service on the attorney appearing for a judgment debtor in supplementary proceedings of an affidavit and order to show cause to punish the judgment debtor for contempt in disobeying an injunction order in the order for his examination is sufficient and proper.
    [Ed. Note.—For other cases, see Execution, Dec. Dig. § 418.*]

2. EXECUTION (§ 418*)—SUPPLEMENTARY PROCEEDINGS—SERVICE OF NOTICE.
    The appearance of an attorney for a judgment debtor in supplementary proceeding presumptively continues until the proceeding is terminated, or until some affirmative steps are taken by the judgment debtor to dismiss the attorney, or causes specified in Code Civ. Proc. § 65, intervene; and the fact of the expiration of more than one year after the close of the examination of the judgment debtor does not prevent service on the attorney of the affidavit and order to show cause in proceedings to punish the judgment debtor for contempt in disobeying an injunction order contained in the order for his examination.
    [Ed. Note.—For other cases, see Execution, Dec. Dig. § 418.*]

Supplementary proceedings by the Twelfth Ward Bank of the City of New York, a judgment creditor, against Gus Luckes and others. Application to punish Luckes, the judgment debtor, for contempt of court. Motion to compel attorneys to accept service granted.

A motion was made to punish the defendant judgment debtor, Gus Luckes, for contempt of court in disobeying the injunction order contained in an order for his examination in proceedings supplementary to execution. The motion was made more than a year after the close of the examination, and the papers were served upon the attorneys who had appeared for him in the supplementary proceedings, and who had signed stipulations of adjournment of the said examination. The motion papers herein were returned on the ground that the service upon the attorneys was insufficient, and on the further ground that they no longer represented the judgment debtor, by reason of the length of time that had elapsed since the examination. A motion was thereupon made to compel the attorneys to accept service of the affidavit and order to show cause to punish the defendant judgment debtor, Gus Luckes, for contempt.

Katz & Sommerich, for plaintiff.
Grauer & Rathkopf, for defendant Luckes.

HENDRICK, J. [1] The order to show cause is equivalent to a notice of motion in a special proceeding (section 761, Judiciary Law [Consol. Laws 1909, c. 30]), and service upon the attorneys is sufficient and proper service (State Bank v. Wilchinsky, 64 Misc. Rep. 476, 118 N. Y. Supp. 578).

[2] The appearance of the attorneys in the special proceeding will be presumed to continue until that proceeding is terminated, or until some affirmative steps are taken by the client to dismiss them, or some of the causes intervene specified in section 65 of the Code of Civil Procedure. Commercial Bank v. Foltz, 13 App. Div. 603, 43 N. Y. Supp. 985.

The motion to compel the attorneys to accept service of the order to show cause is granted, with $10 costs, and the day for the hearing of the motion to punish for contempt will be fixed in the order to be presented hereon.