CELIA ROSENTHAL, Appellant, *v*. HARRY ROSENTHAL, Respondent.

First Department, April 21, 1922.

Husband and wife — action by wife against husband for separation pending — contempt for failure to pay alimony — certified copy of order granting alimony served personally on defendant — order to show cause why he should not be punished for contempt for failure to pay alimony properly served on defendant's attorney — such service not good after entry of final judgment.

An order to show cause why the defendant in a separation action, which is still pending, should not be punished for contempt for failing to pay alimony may be served on the defendant's attorney, a certified copy of the order granting alimony having been previously served on the defendant personally.

*It seems*, that service of an order to show cause to punish for contempt cannot be served upon the attorney for a party after the entry of final judgment.

APPEAL by the plaintiff, Celia Rosenthal, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of January, 1922, denying the plaintiff's motion to punish the defendant for contempt of court for refusing to pay the sum of $200 as and for alimony.

*House, Grossman & Vorhaus* [*Henry E. Cohen* of counsel], for the appellant.

*Albert de Roode*, for the respondent.

DOWLING, J.:

This is an action for a separation, based on the cruel and inhuman treatment of plaintiff by defendant, and on abandonment and

non-support. On June 23, 1921, an order was duly made at Special Term, Part I, of the Supreme Court, New York county, directing defendant to pay to plaintiff the sum of $50 per week alimony in advance commencing with June 17, 1921, and the sum of $250 counsel fee payable within twenty days after the service of a copy of the order upon defendant's attorney. A copy of the order was served upon defendant's attorney on June 23, 1921. On October 1, 1921, a certified copy of the order was served on defendant personally.

On October 6, 1921, plaintiff made a motion to punish defendant for contempt for failing to pay $300 alimony accrued prior to that date. The motion was granted, with $10 costs. Thereupon a stipulation was entered into between the parties whereby plaintiff waived the $10 costs, accepted $300 on account, and agreed that the balance of $100 then due should be paid on November 30, 1921. Meantime a motion to reduce the alimony had been denied.

On December 6, 1921, an order to show cause was obtained, on proper papers, directing the defendant to show cause why he should not be adjudged in contempt for his failure to pay the sum of $200 alimony then accrued. A certified copy of this order to show cause was served on Albert de Roode and Earle W. Webb, the attorneys for defendant herein, as directed by the order.

The motion papers are in all respects adequate. The only opposition to the motion was in an affidavit by defendant's attorney that defendant is in bankruptcy, is trying to effect a composition with his creditors and is unable, as his attorney believes, to pay anything on account of the alimony. The order denying the motion to punish for contempt is sought to be sustained upon appeal upon the ground that such an order cannot be made until the order to show cause has been served upon the defendant personally.

Of course, it is well settled that service of an order to show cause to punish for contempt cannot be served upon the attorney for a party after the entry of final judgment. (*Wulff* v. *Wulff*, 74 Misc. Rep. 213; affd., 151 App. Div. 22.) In that case the attorney appeared and stated to the court that he was without authority to appear on the motion. The decision was put upon the ground that there was no presumption that the attorney who had appeared for the plaintiff in the action prior to the final judgment had authority to appear in subsequent proceedings. (*Keller* v. *Keller,* 100 App. Div. 325.) It recognized the rule as laid down in *Weich* v. *Weich* (59 Misc. Rep. 238) and *Carr* v. *Carr* (64 id. 435) that such service was good on motion to punish for contempt for failure to pay alimony, where the proceeding was brought before final judgment. In the *Wulff* case it appeared as well that the plaintiff

(against whom the motion was directed) was without the jurisdiction of the court, and as was said in the opinion in the Appellate Division, the court would not do a futile thing, having no power to enforce its order if made.

But in the present case defendant is not claimed to be without the jurisdiction, nor do his attorneys dispute their authority to represent him. I think the case comes within the rule laid down in *Weich* v. *Weich* (59 Misc. Rep. 238). In that case, as here, the order for the disobedience of which the defendant was sought to be punished, was personally served upon him, although the order to show cause was served only on his attorney. Mr. Justice STAPLETON in that case examined the authorities, including *Grant* v. *Greene* (121 App. Div. 756), and held that the service was good. As was said in *Carr* v. *Carr* (64 Misc. Rep. 435): " There is, therefore, nothing in the statute which necessitates a holding that an order to show cause in a contempt proceeding in a matrimonial action requires to be served in any different manner than such an order in any other action.   *   *   *   I think, therefore, that the service of the order to show cause upon the attorney for the defendant was sufficient. (*State Bank* v *Wilchinsky*, 64 Misc. Rep. 476.)" (See, also, *Keller* v. *Keller*, 100 App. Div. 325.)

Not only was the order herein required to be served upon defendant's attorneys under section 799 of the Code of Civil Procedure, but the order itself expressly directed that it was to be so served; section 1773 of the Code, prescribing the method of enforcing an order for the support of a wife by punishment for contempt, contains no provision requiring personal service of the order upon the husband. To make the proceeding against him still more efficacious, the section was amended by chapter 216 of the Laws of 1920, by adding the following sentence: "No demand of any kind upon the husband shall be necessary in order that he be proceeded against and punished for failure to make any such payment or to pay any such instalment." The sentence was added to end the numerous technical devices by which husbands had often sought to evade their duty of marital support, even when directed so to do by judicial order. The foregoing Code sections are now sections 163 and 1172 of the Civil Practice Act. The sentence which was added in 1920 to section 1773 of the Code was also added to section 1172 of the Civil Practice Act by chapter 199 of the Laws of 1921.

Here the husband had been personally served with a certified copy of the order granting alimony. He had once been adjudged in contempt and escaped punishment only by paying a part of the sum due and promising payment of the balance within a fixed time. He has failed to carry out his agreement and has added to the

amount owing. He was fully acquainted with the amount or extent of his obligation. He does not deny that he owes the amount claimed. Service has been made upon the attorney who represents him in the action still pending, and wherein there has been no judgment. No valid reason has been shown why the relief asked for should not have been granted.

The order appealed from is reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

Clarke, P. J., Smith, Page and Greenbaum, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.