## *In re* SMILAY.

### SMILAY *v.* OAKLAND CIRCUIT JUDGE.

1. CONTEMPT—AFFIDAVIT—SERVICE UPON ATTORNEY INSUFFICIENT.
   Service of an affidavit upon accused's attorney charging, as contempt of court, misconduct not committed in the immediate view and presence of the court, is insufficient, under 3 Comp. Laws 1915, § 12270, especially when the attorney has ceased to represent the accused.[1]

2. SAME — PROCEDURE WHERE ACCUSED DENIES GUILT — CONSTITU-TIONAL LAW.
   One accused of contempt not committed in the presence of the court is entitled to be informed of the nature of the offense, and to be given time to prepare his defense and secure the assistance of counsel, and if he denies the offense he may not be found guilty until the issue of fact

[1]Contempt, 13 C. J. § 96.

thus made has been disposed of after proper investigation, and the opportunity given him to produce witnesses in his own behalf, without depriving him of constitutional rights.[2]

Certiorari to Oakland; Gillespie (Glenn C.), J. Submitted April 14, 1926. (Docket No. 95.) Decided June 7, 1926.

Maurice D. Smilay was adjudged guilty of contempt of court. Reversed, and order vacated.

*Herbert C. Munro* (*Leo F. Covey,* of counsel), for appellant.

SNOW, J. The plaintiff reviews on certiorari his conviction and sentence for contempt of court for the violation of an order, regularly and properly issued against him, in an equity suit in the Oakland county circuit. The provision of the order claimed to have been violated is as follows:

"That the said defendants and each of them and their agents, attorneys, servants and employees be, and they are hereby enjoined and restrained from proceeding in any manner with the further construction of any part of the building mentioned and described in the bill of complaint in this cause, until the further order of this court."

Subsequent to this order the case was heard on its merits and was taken under advisement by the trial court. But the order was continued and remained in full force and effect. After the trial, but before the court decided the case, plaintiffs made a motion therein to have this plaintiff, then defendant, adjudged guilty of contempt of court. This motion was based upon the affidavit of Allan C. Lawson, one of the plaintiffs, the important portion of the same being:

"Deponent says * * * that during the last few days a contractor in charge of the building has been

[2]Contempt, 13 C. J. §§ 93, 113.

engaged in work on the dwelling house, laying floors, putting on finish and completing the building.    That such work is in violation of the express terms in condition of said injunction.    That the carpenter in charge of the work, whose first name is Barney, approached the deponent some days ago, asking him to sign a petition to secure permission to go on with the work, which deponent refused to do.    Deponent knows of his own knowledge that they are working on the building and pushing it to completion."

Notice of the hearing of this motion was not given to plaintiff personally, but July 17, 1925, was served upon his attorney, James H. Lynch, of Pontiac, who notified plaintiff by telegram at Detroit.    Plaintiff was unable to get in touch with his attorney until July 20th, the day set for the hearing of the motion. In the morning of said day plaintiff went to the office of his attorney and was told by Mr. Lynch that he could not represent him.    Plaintiff, who is admitted to the bar, but who is not in, or familiar with, the practice of the law, then appeared before Judge Gillespie in person, where the following took place:

"*The Court:* Have you any reason to show why you shouldn't be punished for contempt of court?

"*Mr. Smilay:* I haven't much more to say than that affidavit says.    There isn't any intention on my part to be disrespectful of the court, if your honor will read the bill of complaint you will find the main contention in the bill is whether or not a four-family—whether the construction was restrained to the erection of a four-family, they go by that bill of complaint entire, I understand, when the case was heard before Judge Covert this matter of the four-family wasn't mentioned, Judge Covert made a statement that because there was going to be an early hearing, in view of that fact they might have an injunction, that work shall cease on the whole building to give an opportunity to the other side in the case to produce testimony to show, to give them some right to prevent going ahead on the building.    When the case was heard before your honor, the same thing was omitted, there wasn't

one iota of testimony brought before your honor as to why and for what reason work should be stopped on the main building. When your honor heard the case you made the statement before you left the bench in view of the importance of the case there would be an early decision. My anxiety in the matter is that there is $20,000 in that building going to ruin and hundreds of dollars of material on the ground being stolen and being spoiled. In order to avoid any complication I told this contractor to get in touch with the plaintiffs in this case and ask their consent to start to lay the floors of the building and the contractor called me on the telephone and said he had obtained their consent and would be no objection to going ahead and laying the floors provided we kept out of the disputed area.

"*The Court:* What have you been doing on the building since the case was heard?

"*Mr. Smilay:* Nothing done at all on the building except the last few days I understand that since the consent of Mr. Vaness and the others were gotten to lay the floors, I think the floors were laid on the second floor of the building.

"*The Court:* What else have you been doing besides laying floors?

"*Mr. Smilay:* I haven't done anything to my knowledge, I understand before floors can be laid, that before a floor can be laid there must be certain plaster put on in order to get the floors on, I presume they had to plaster a portion of it so the floors could be gotten in.

"*The Court:* Been putting trim on also?

"*Mr. Smilay:* Not that I know of.

"*The Court:* You haven't been out there?

"*Mr. Smilay:* I haven't been out there since the work was stopped.

"*The Court:* You were familiar with what the contractor was doing, were you?

"*Mr. Smilay:* I know he was laying floors that is what he told me, he was laying floors, there was nothing, I do know further there was not a thing done on the disputed area whatsoever, he told me. From the word of Judge Covert I judge it does mean if there was no testimony produced at the hearing, wasn't any reason why work shouldn't go ahead on the part not in dispute.

"*The Court:* You are an attorney, I understand?

"*Mr. Smilay:* Yes.

"*The Court:* As an attorney you understood what the order was and what the order was I made at the conclusion of the previous hearing. I can't see any excuse for violating the terms of the injunction; you are clearly in contempt of court, such a flagrant disregard of the court's order. It is the judgment of the court that you be confined in the Oakland county jail for a period of ten days from and including this date; further that you pay a fine of $100 during said period or in default thereof you be further confined in the county jail until the same is paid, in all not to exceed thirty days. Be remanded to the custody of the sheriff.

"*Mr. Smilay:* May I have a stay of proceedings to file an appeal?

"*The Court:* If your attorney makes proper arrangements. You are remanded to the custody of the sheriff. * * *

"*Mr. Smilay:* Will your honor allow me bail?

"*The Court:* I don't feel inclined at this time to fix any bail. I think the case should take the usual order as a contempt case.

"*Mr. Smilay:* We have a right to appeal from the—

"*The Court:* Yes, no question about it, if the Supreme Court admits you to bail that is all there is to it."

Plaintiff claims in substance that the conviction and sentence were erroneous, because there was no proper affidavit upon which to base an order to show cause; that he was given no notice as provided by statute; that he denied violating the order, but was confronted by no witnesses who testified he had; that he was not represented by counsel nor given time to employ one; that he did not know his rights, nor was he advised concerning them, or given time to prepare his defense; in short that he was sentenced without due process of law.

Plaintiff's alleged misconduct was not committed in the immediate view and presence of the court. The statute provides that in such case

"the court shall be satisfied by due proof, by affidavit of the facts charged, and shall cause a copy of such affidavit to be served on the party accused, a reasonable time to enable him to make his defense, except in cases of disobedience to any rule or order requiring the payment of money, and of disobedience to any subpœna."      3 Comp. Laws 1915, § 12270.

Such service, above provided for, upon the attorney, is not sufficient, especially when such attorney is not acting for the accused, as was the situation in the instant case.

Plaintiff in effect denied a violation of the order and claimed what was done in laying the floors, according to his information, was done with the consent of the two principal plaintiffs.    The court never determined this as a matter of fact, but peremptorily and without proper investigation of the truth of the situation, found plaintiff guilty and sentenced him to fine and imprisonment.

We must conclude that plaintiff was convicted and deprived of his liberty without due process of law. The offense with which he was charged was not committed in the presence of the court.    He is therefore entitled to be informed of its nature, and to be given time to prepare his defense, and secure the assistance of counsel.    He denied he had violated the order of the court, and he could not be found guilty until the issue of fact thus made had been disposed of.    He was entitled, also, to produce witnesses in his own behalf.

His conviction was too peremptory, and he was deprived of constitutional rights which void the entire proceedings.    *Cooke* v. *United States*, 267 U. S. 517 (45 Sup. Ct. 390).

The order of contempt must be set aside and vacated and the plaintiff discharged, with costs, and without prejudice to the right of further procedure.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.