Rose CIRCHARO, Plaintiff, *v.* JOHN B. CIRCHARO, Defendant.

Supreme Court, Special Term, Kings County, November 11, 1943.

*Moe Levy* for plaintiff.

*Thomas B. Miceli* for defendant.

UGHETTA, J. Upon the return date of the order to show cause defendant failed to appear.

The question presented is whether the order to show cause (GARVIN, J., Nov. 1, 1943), not having been served on defendant personally, he may still be adjudged in contempt.

It appears that he was served personally with a certified copy of the order (STEINBRINK, J., Sept. 16, 1943) requiring him to pay temporary alimony and counsel fee, which order provided that "the amount due under this order is to be paid within ten days after the service of a certified copy of this order upon the defendant." The affidavit of service of Morris Rosenberg is sworn to October 4, 1943, and shows the defendant was personally served on October 2, 1943, with a certified copy of the basic order. Under the terms of such order (STEINBRINK, J., as aforesaid) defendant thus had until October 13th to make the first payment. He did not do so. A letter was sent him advising him that he was in default.

Plaintiff then procured an order to show cause (FENNELLY, J., Oct. 20, 1943) why defendant should not be adjudged in contempt. Because of inability to serve it on defendant by the return day, a second order to show cause was obtained (FENNELLY, J., Oct. 27, 1943), and for a like reason, a third (GARVIN, J., Nov. 1, 1943), the latter order providing that "Sufficient cause appearing therefor, service of a copy of this order and the papers upon which it is based, upon the defendant's attorney and upon the defendant personally, or by leaving same with his mother or any other person of suitable age, at premises No. 2948 Fulton street, Brooklyn, New York, on or before the 3d day of November, 1943, shall be sufficient service."

Plaintiff, in accordance with the provisions of the latter order to show cause, effected service on defendant's attorney on November 2, 1943 (see affidavit of Ruth Siegler of November 4, 1943), and by leaving a copy of the papers with defendant's mother at No. 2948 Fulton street on November 1, 1943 (see affidavit of Morris Rosenberg of November 4, 1943).

Such service is sufficient. A certified copy of the basic order requiring him to do the act which he has failed to do having been served on him personally (*Feit* v. *Feit,* 224 App. Div. 857), it is not also required that he be served personally with the order requiring him to show cause why he should not be pun-

ished. Service of same upon his attorney was sufficient (*Grant* v. *Greene,* 121 App. Div. 756, 759; *Pitt* v. *Davison,* 37 N. Y. 235, 241; *Weich* v. *Weich,* 59 Misc. 238).

" The order to show cause is, in effect, but a notice of motion, and according to the practice of the court may ordinarily be served upon the attorney of the adverse party " (*Pitt* v. *Davison, supra,* p. 242).

This is not open to question where the cause has not proceeded to final judgment. There is a question as to the effectiveness of such service after final judgment. See, also, as bearing on the above, *Rosenthal* v. *Rosenthal* (201 App. Div. 27); *Karpf* v. *Karpf* (260 App. Div. 701); *Turner* v. *Woolworth* (221 N. Y. 425).

Motion to punish granted. Settle order on notice to defendant's counsel.