122 So.2d 30 (1960)
Burton GINSBERG, Appellant,
v.
Charlotte GINSBERG, Appellee.
No. 60-162.
District Court of Appeal of Florida. Third District.
July 14, 1960.
*31 Ungerleider & Winton, Miami Beach, for appellant.
L.J. Cushman, Miami, for appellee.
CARROLL, CHAS., Judge.
Appellant was the defendant in a divorce suit in the circuit court in Dade County. A final decree was entered in favor of the plaintiff wife on January 4, 1960. Thereafter, by an order dated February 1, 1960, the appellant was adjudged in contempt of court for failure to make numerous payments required by the final decree, and in the contempt order the defendant was allowed a 10 day period in which to comply with the decree and it was provided that upon his failure to do so he should be confined in the county jail for 30 days. After 10 days elapsed, an order for his arrest was made. The appellant has filed an interlocutory appeal from the two post decree orders just mentioned.
The contempt order followed a rule to show cause which was entered on January 22, while a petition for rehearing which the defendant had filed on January 14 was still pending. The petition for rehearing was denied January 26.
For the purpose of clarity we will restate the effective dates of these occurrences. The final decree in the divorce suit was rendered January 4, 1960. The husband filed his petition for rehearing on January 14. The rule to show cause for non-payment of amounts called for by the decree was entered against the husband on January 22. His rehearing petition was denied on January 26. The date set for hearing on the rule to show cause was January 29. The contempt order was entered February 1, and the subsequent order for arrest was made on February 12.
At a later proceeding in the cause it was disclosed that at the times above mentioned the defendant had absented himself from the State of Florida and had taken up residence in Texas. The rule to show cause had been ordered by the court to be served on the defendant's attorney of record. Presumably the defendant did not receive notice of the matter, and his attorney appeared specially and so informed the court, saying that he did not know of the whereabouts of the defendant and had not been able to contact him prior to the hearing on the rule to show cause.
The contempt order is challenged here on the ground that there was a lack of sufficient service or notice to the appellant-defendant. The respondent in a rule to show cause based on non-payment of alimony or child support provided for in a previously entered divorce decree need not be served with process, but may be served by mail or by such other method as the court may direct which is reasonably calculated to convey to him notice of the proceeding and thus to afford him an opportunity to respond thereto and to be heard. Palmer v. Palmer, 28 Fla. 295, 9 So. 657; Dykes v. Dykes, Fla.App. 1958, 104 So.2d 598. *32 See Moore v. Lee, Fla. 1954, 72 So.2d 280, 42 A.L.R.2d 1112; Watson v. Watson, Fla. 1956, 88 So.2d 133.
When such a decree calling for payment of alimony or child support has become final, service on the attorney who represented the defendant in the divorce suit ordinarily will not be adequate or proper service or notice to the defendant, where it does not result in his receiving notice of the proceeding and when the attorney disclaims continued representation of the defendant. Moore v. Lee, supra; Harris v. Harris, 205 Ga. 105, 52 S.E.2d 598; Smilay v. Oakland Circuit Judge, 235 Mich. 151, 209 N.W. 191; Keller v. Keller, 100 App. Div. 325, 91 N.Y.S. 528; Wulff v. Wulff, 74 Misc. 213, 133 N.Y.S. 807, affirmed 151 App.Div. 22, 135 N.Y.S. 289; Annotation, 60 A.L.R.2d 1244, 1253 (1958). See Weeks v. Coe, 111 App.Div. 337, 97 N.Y.S. 704; Patillo v. Patillo, 12 Misc.2d 645, 178 N.Y.S.2d 154. But the rule is different where the cause is pending or not yet concluded. State ex rel. Brubaker v. Pritchard, 236 Ind. 222, 138 N.E.2d 233, 60 A.L.R.2d 1239; Rosenthal v. Rosenthal, 201 App. Div. 27, 193 N.Y.S. 702; Karpf v. Karpf, 260 App.Div. 701, 23 N.Y.S.2d 745; Ridder v. Ridder, 175 Misc. 84, 22 N.Y.S.2d 749; Circharo v. Circharo, 182 Misc. 649, 51 N.Y.S.2d 15. See generally Annotation, 60 A.L.R.2d 1244 (1958); 17 C.J.S. Contempt § 79a; 27B C.J.S. Divorce § 262c. In this instance the defendant was continuing the progress of the suit through the prosecution of his petition for rehearing, and his attorney was actively engaged in the cause with reference to that matter in his interest, which had not yet been disposed of therein. For that reason the chancellor was eminently correct, when doubt as to the whereabouts of the defendant appeared, to direct that the rule to show cause should be served on defendant's attorney of record; and we hold that such service was sufficient and binding on the defendant to entitle the court to proceed under the rule to show cause, in the circumstances presented in this case.
The appellant argued that the rule to show cause was not grounded on a sufficient petition. That contention stemmed from the fact that appellant's counsel received a copy of a petition which complained only of failure to pay an installment of alimony and child support which became due prior to the date required for such payments by the decree. However, the appendix to appellee's brief discloses that another and proper petition for rule to show cause was filed.
Appellant further argued that the contempt order could not be made properly on a rule to show cause which had been entered while his petition for rehearing addressed to the final decree remained on file and undisposed of. That contention is without merit. Although the pendency of the petition for rehearing signifies the continuance of the litigation for certain purposes, it is expressly provided in rule 3.16 F.R.C.P., 31 F.S.A., relating to rehearings, that the pendency of a petition for rehearing will not operate as a stay of the decree or order to which it is addressed, unless so ordered by the chancellor, and in this instance no such order was made. See Hollywood, Inc. v. Clark, 153 Fla. 501, 15 So.2d 175, 180; Ganzer v. Ganzer, Fla. 1956, 84 So.2d 591, 592. Thus the pendency of the petition for rehearing did not relieve the defendant of the obligation to make the payments required by the decree.
Appellant contended that the contempt order was erroneous because it failed to specify the amounts to be paid, with the result that there was no showing of the sums which thus could be paid by respondent to purge himself and entitle him to release from the confinement ordered.[1] In *33 that contention the appellant is correct. In ruling on a similar problem in the case of Dykes v. Dykes, supra, Fla.App. 1958, 104 So.2d 598, 600, this court held that a contempt order for default in payment of child support which failed to find and state the amount in default, should be amended to show the amount due and unpaid on the date of the contempt order. See, also, Taylor v. Taylor, Fla.App. 1957, 97 So.2d 35; Lord v. Lord, Fla.App. 1958, 104 So.2d 624; 27B C.J.S. Divorce § 262h; 17 Am. Jur., Divorce & Separation, § 807; 2 Nelson, Divorce and Annulment, § 16.20 (2d ed. 1945).
The contempt order in the instant case did not set out the amount in default, but held there was a non-compliance with the payments and acts required by the decree, referring to them in a blanket manner;[2] nor did the decree specify all of the amounts which it ordered the defendant to pay.
The contempt order of February 1, 1960, and the subsequent arrest order of February 12, 1960, are reversed, because the order adjudged the defendant in contempt for non-payment of amounts, some of which had not been determined and stated by the decree or by previous order. On remand of the cause, further proceedings should be had under the rule to show cause, to determine the sums necessary to be paid to comply with the requirements in the decree, *34 and to direct the payment thereof within such times and upon such conditions as the chancellor shall fix, as well as to determine whether the defendant has wilfully failed and refused to pay installments of alimony and child support, the amounts of which were specified in the decree.
Therefore, the orders appealed from are reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
HORTON, C.J., and PEARSON, J., concur.
NOTES
[1] The final decree ordered certain specified payments to be made, viz.: $250 a week for alimony and child support; $673.60 costs (forthwith); $5,000 additional fees for plaintiff's attorneys (within 90 days); $2,500 being one-half of cash wedding gifts received by the parties. In addition the decree ordered defendant to pay numerous items, the amounts of which were not stated therein, as follows:

"6. [Upon granting the use of the jointly owned property to the wife and the children] * * * [A]nd defendant, Burton Ginsberg, is hereby ordered and required to pay all amounts due from time to time upon any mortgage or other encumbrances upon said property and also the insurance, taxes and maintenance of said property * * *."
"8. The defendant, Burton Ginsberg, be and he is hereby ordered to pay all outstanding unpaid obligations incurred by plaintiff for the support and maintenance of plaintiff and said two minor children up to and including April 28, 1959, the date of the temporary alimony order, and to further reimburse plaintiff for all such sums which she expended during said period for said purpose.
"9. That defendant, Burton Ginsberg, is ordered and directed to pay such sums as have been incurred for maintenance of the above described home, for medical or dental care, physicians' services, medicines and other medical expenses for plaintiff and for either or both of the two minor children of plaintiff and defendant, down to the date of this decree, * * *."
Paragraph 10 of the decree required performance of other obligations, some stated with exactness and some stated generally as follows: "Defendant, Burton Ginsberg, is hereby ordered to deliver to plaintiff, Charlotte Ginsberg, that certain annuity contract in favor of Charlotte Ginsberg and Richard Ginsberg in the approximate sum of $3,000.00; all bonds issued to and in the name of either child, or in the name of Charlotte Ginsberg alone, or Charlotte Ginsberg and either or both children, and any bonds in the name of either or both children and Burton Ginsberg; one-half of any bonds or securities in the name of Charlotte Ginsberg and Burton Ginsberg, and $2,500.00 as one-half of all cash received as wedding gifts by the parties entrusted by plaintiff to said defendant, and any other personal property however described belonging to Charlotte Ginsberg, or Richard Ginsberg or Diane Ginsberg, or either of them."
[2] The contempt order recited that the matter was heard on a rule to show cause based on defendant's "refusal to abide by, comply with and obey the final decree," and further recited: "[T]he court finds that said defendant, Burton Ginsberg, is in contempt of this court by reason of his refusal to abide by, comply with, and obey the final decree entered in the above entitled cause"; and it was therein ordered: "[T]hat defendant, Burton Ginsberg, is adjudged to be in contempt of this court by reason of his refusal to comply with, abide by and obey the final decree dated January 4, 1960." The order then allowed the defendant 10 days in which "to pay sums due as alimony and support and all other sums required to be paid by said final decree and otherwise obey and comply with the final decree hereinbefore entered in the above entitled cause."