PER CURIAM.
The defendant, former husband, appeals an order holding him in contempt for failure to obey a portion of a final decree of divorce entered in the cause.[1]
The order appealed is as follows:
“This cause came on to be heard before me this day on the Rule to Show Cause heretofore issued against the defendant, and both parties having appeared before this Court, together with their respective counsel, and presented testimony, and the Court based thereon, finds that the defendant, James Kenneth Goff, is in contempt of this Court by virtue of his failure to obey the directions of this Court as contained in the final decree entered on August 31, 1962, and more particularly by virtue of his failure to deliver to the plaintiff that certain 1960 Oldsmobile convertible and transfer title to said automobile to the plaintiff, and being otherwise fully advised in the premises, it is, upon consideration thereof,
“ORDERED, ADJUDGED AND DECREED:
“1. That the defendant, James Kenneth Goff, be and he is hereby adjudged to be in contempt of this Court and is sentenced to serve a period of 60 days in the County Jail.
“2. That in order to purge himself of said contempt, the defendant James Kenneth Goff, be and he is hereby di *297 rected forthwith to turn over possession of that certain 1960 Oldsmobile convertible automobile to the plaintiff- and in addition thereto, is to immediately and forthwith transfer title to said vehicle, free and clear of all liens, to the plaintiff.
“3. That in the event the defendant fails to transfer possession of the automobile and title to same to the plaintiff, then and in that event the Sheriff in and for Dade County, Florida, be and he is hereby instructed to forthwith, upon the filing by the plaintiff of an affidavit to that effect, take the defendant into custody for the purpose of serving the 60 day sentence hereinabove imposed against the defendant by virtue of his said contempt.”
The appellant urges reversal of the order upon the ground that the provision in the final decree was not so clear and unambiguous as to be a proper basis for the order holding him in contempt for the reason stated in the contempt order. With this we agree. It appears from the decree that the provision therein did not require the transfer of title of a specific automobile from the defendant to the' plaintiff wife. Upon the other hand, the order adjudging appellant in contempt does require that the appellant “ * * * turn over possession of that certain 1960 Oldsmobile convertible * * For this reason, this portion of the order appealed must be reversed. See Ginsberg v. Ginsberg, Fla.App.1960, 122 So.2d 30.
Appellant’s second point urges that the order appealed must be reversed as the record reveals that the appellant did not own the 1960 Oldsmobile at the time of the entry of the order nor for many months prior to institution of the divorce proceedings. We think the record is susceptible of the interpretation that the appellant has been less than frank with the trial court. This is true because it does not appear from the record presented upon this interlocutory appeal that the appellant made any bona fide effort to comply with the provision of the final decree with which we are here concerned. Therefore, we feel it is necessary to make clear that although the order appealed must be reversed in part, it does not follow that the appellant is relieved of his responsibility under the decree because of the defective order which was appealed.
The third ground upon which appellant urges the reversal of the order is that the record made at the time of the hearing on the petition for rule to show cause shows that the Oldsmobile which he had formerly furnished for the use of his wife had liens upon the title; and, therefore, the appellant could not be ordered to transfer title to the car free of liens. We do not find this point well taken because the final decree which was not appealed is presumed to be adequately supported by the evidence before the chancellor at the time that he entered it. It is entirely consistent with the order made that the chancellor found the duty on the appellant to provide the appellee with a car because he had provided to her the use of such a car during the years of the marriage.
Therefore, that portion of the order appealed which adjudges James Kenneth Goff to be in contempt of court is affirmed. That portion of the order which sentences him to serve a period of 60 days in the County Jail is reversed. That portion of the order which directs the defendant James Kenneth Goff to turn over possession of an automobile which he has demonstrated he does not own is reversed. That portion of the order which allows the incarceration of the defendant upon affidavit of the plaintiff (being paragraph three thereof) is reversed because we herein hold that a jail sentence cannot be made and its enforcement held pending an affidavit of the opposite party.
Affirmed in part, reversed in part and remanded for further proceedings not inconsistent with this opinion.

. Prom the final decree:
“5. That the Defendant henceforth furnish to the Plaintiff the use and maintenance of an automobile equal in quality and size to the automobile which the Defendant had previously granted to the Plaintiff, and that the title to the said automobile shall be immediately vested in the Plaintiff.”