## WULFF v. WULFF.

(Supreme Court, Appellate Division, Second Department.    May 9, 1912.)

DIVORCE (§ 269*)—ALIMONY—ENFORCEMENT—CONTEMPT.

Since an order punishing one for contempt for failure to comply with an order requiring him to pay alimony by fine and imprisonment would be futile if he was without the jurisdiction of the court, a motion therefor was properly denied.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 756–763; Dec. Dig. § 269.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Action by Samuel Wulff against Meta Wulff for a separation, in which defendant counterclaimed for a separation. From an order of the Special Term (74 Misc. Rep. 213, 133 N. Y. Supp. 807) denying a motion to punish plaintiff for contempt for failure to pay alimony, defendant appeals. Affirmed.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and WOODWARD, JJ.

Abraham H. Kesselman, of Brooklyn (Meier Steinbrink, of Brooklyn, on the brief), for appellant.

BURR, J. Plaintiff brought this action for separation on the ground of cruel and inhuman treatment. Defendant answered and interposed a counterclaim, demanding a judgment of separation in her favor upon the ground of abandonment and cruel and inhuman treatment. Upon the trial plaintiff defaulted, and judgment was given in favor of defendant upon the cause of action set up by her as a counterclaim. This judgment was granted April 12, 1911. Pending the action, and on January 4, 1911, an order was made directing payment by plaintiff to defendant of a counsel fee of $75 and alimony at the rate of $12 a week. The judgment provided for the payment of alimony at the same rate. A certified copy of the order and judgment was delivered to plaintiff personally at Toronto, Canada, on the 24th of November, 1911, and at that time a demand was made upon him for the payment both of the counsel fee and of the arrears of alimony. The demand was made pursuant to written authority therefor given by the defendant. On November 28, 1911, upon proof by affidavit of these facts, and further proof that the plaintiff was without the jurisdiction of this court and that plaintiff had no property which could be sequestrated nor any property which could be reached by a receiver, the court at Special Term granted an order to show cause why he should not be punished for failure to make the payments directed by the order of January 4th and the final judgment of April 12th. This order to show cause provided that service of a copy thereof on the attorney who appeared for him in the action should be sufficient service. From an order denying the motion this appeal is taken. There was no appearance for the respondent upon the appeal.

Two interesting questions have been presented by the learned counsel for the appellant: First, whether the service of a certified copy of the order and of the final judgment without this state was sufficient personal service upon the plaintiff to justify instituting proceedings for contempt; and, second, whether, if such was the case, service of the order to show cause upon the attorney who appeared for him in the action pursuant to the express direction of the court was sufficient service to confer jurisdiction.

It seems to us unnecessary to determine either of these questions, as to one of which at least there is a decided conflict of opinion. It affirmatively appears that the only remedy under the circumstances which the defendant could ask would be the imposition of a

fine and the committing of plaintiff to custody until the further order of the court. But the court will not do a futile thing. "Inasmuch as after the commencement of the action, he had gone out of the jurisdiction, it would not have availed to order him fined and committed." Brinkley v. Brinkley, 47 N. Y. 40, on page 49. Under the circumstances, therefore, we think that the learned court at Special Term was justified in denying the motion, and the order appealed from should be affirmed, without costs. All concur.