LEWIS WEINER, Respondent, *v.* GEORGE W. JONES, Appellant.

Fourth Department, May 8, 1935.

*Theodore W. Taylor,* for the appellant.

*Bartle Gorman,* for the respondent.

LEWIS, J.   Plaintiff's alleged cause of action is essentially in fraud.   It is claimed that the defendant induced the sheriff to withhold a levy by giving him a check as payment on a judgment upon which an execution had been issued; that knowing the check to be worthless and during the period required by the sheriff to present it for payment, defendant caused to be removed from his millinery shop certain leviable property belonging to him, thereby depriving plaintiff of the benefit of the sheriff's levy which otherwise would have been effective.

We conclude defendant's rights were prejudiced by the fact that the trial court left to the jury the question whether defendant had falsely represented to the sheriff that he had funds sufficient to pay the check, but failed to present clearly for the jury's determination the question,— which was necessarily involved in the alleged fraud, whether any leviable goods belonging to the defendant were in fact removed from his shop pending presentation by the sheriff of defendant's check for payment.   Upon that phase of the proof we rule that the weight of evidence does not support a finding by the jury that leviable personal property belonging to the defendant had been removed pending the sheriff's presentation of the check.

As a new trial is to be ordered we call attention to certain testimony which we believe was improperly received and was prejudicial to the defendant.   It appears that when the sheriff was about to levy upon defendant's goods he consulted the attorney who had represented plaintiff in the prior action which had given rise to the judgment then being enforced.   Without proof of any special authority given by the plaintiff to said attorney to speak or act for him in the matter, evidence was received of the attorney's conversation with the sheriff and of instructions by the former concerning the withholding of the levy.   An attorney's power to represent a party to an action which he has instituted ceases upon the entry of final judgment and the issuance of execution thereupon, unless his

authority is extended by special agreement. (*Averill* v. *Williams*, 4 Den. 295; *Kalmanowitz* v. *Kalmanowitz*, 108 App. Div. 296; *Conklin* v. *Conklin*, 113 id. 743.) "In the absence of proof of special authority to an attorney, his acts in directing the levy or the taking of goods upon process are in excess of his general powers as an attorney." (*Welsh* v. *Cochran*, 63 N. Y. 181, 185.) To like effect we have said: "In the absence of express authority, an attorney is not authorized to give directions on behalf of his client to a sheriff as to what property shall be seized and sold." (*Goebel* v. *Clark*, 242 App. Div. 408, 410.) The record before us fails to disclose evidence of any special authorization given by the plaintiff to the attorney upon whose direction the sheriff acted, and accordingly the testimony by the latter concerning the attorney's instructions to him was incompetent.

The judgment and order from which appeal is taken should be reversed on the facts and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event.