SARAH KARPF, Respondent, v. JACOB KARPF, Appellant.

First Department, December 13, 1940.

*John P. Carroll*, for the appellant.

*David M. Neuberger* of counsel [*Murray Ratner* with him on the brief; *David M. Neuberger*, attorney], for the respondent.

CALLAHAN, J. The order to show cause on the motion to punish for contempt for non-payment of alimony granted in a final judgment of separation provided that a copy of said order and the affidavits upon which it was granted were to be served on the defendant in the State of Kentucky, and upon his attorney, John P. Carroll, Esq., of Brooklyn, N. Y. Upon the return day, Mr. Carroll served a special notice of appearance on behalf of the defendant stating that he appeared specially for the purpose of moving to set aside the service of the order to show cause, and that the defendant did not appear generally in the proceeding. No affidavits or other papers were served in opposition to the motion to punish for contempt. The court thereupon entered an order granting the motion, thus overruling defendant's claim of lack of jurisdiction. Defendant appeals from said order.

The order appealed from recites the fact that the order to show cause was returned with proof of due service upon defendant, and upon John P. Carroll, Esq., his attorney. We think we may assume

from this statement that personal service of the moving papers was made upon the defendant in the State of Kentucky, and upon the attorney at his office in Brooklyn, N. Y.

Defendant contends that jurisdiction was not obtained over defendant sufficiently to permit the court to entertain a motion to punish for contempt, because the affidavit in support of the motion states that the defendant has been living in Harrodsburg, Ky., since 1938, and has kept out of the jurisdiction of this court since he was personally served with a copy of the decree in 1932. It also appears that John P. Carroll was not the attorney for the defendant upon the trial of this action, but appeared for the defendant upon the last of several motions made by the defendant after the entry of said judgment, for the purpose of attempting to reduce the alimony awarded by the judgment. In other words, service was directed upon Mr. Carroll upon the assumption that, as he was the last attorney who had appeared for defendant on a motion to reduce alimony, he was defendant's present attorney.

We think that the court has jurisdiction to make the order appealed from.

The question of jurisdiction to enforce obedience of a judgment by contempt proceedings depends upon whether the court had jurisdiction of the person of the defendant, and to some extent, upon the nature and effect of the judgment. In the present action, the defendant, after personal service within the State, appeared upon the trial and contested plaintiff's right to a separation. The judgment entered granted the plaintiff wife a separation and provided for the payment to her of alimony in the sum of sixty dollars a week during the remainder of her natural life. The court, therefore, had jurisdiction over the person of defendant and the judgment entered operated continuously until amended, modified or altered. Accordingly it was binding upon the defendant personally, not merely within the State of New York, but elsewhere. The defendant cannot escape the effects of the judgment by removing from or staying without the State of New York. Disobedience of the provisions of a judgment of this nature constitutes contempt of the court which entered the decree. (*Leman* v. *Krentler-Arnold Co.*, 284 U. S. 448; Civ. Prac. Act, § 1172.)

A motion to punish for contempt for non-payment of alimony provided for in a final judgment of separation is a motion in the action, and not a special proceeding. (*Pitt* v. *Davison*, 37 N. Y. 235; *Turner* v. *Woolworth*, 221 id. 425, 429; Judiciary Law, § 761.)

Under the circumstances, the application, which is one to punish for a civil contempt, must be treated as a part of the main cause, and no service of new process is necessary for the purpose of bringing

the defendant within the jurisdiction of the court. He cannot escape the effect of the judgment, as he was subject to the jurisdiction of the court for purposes of all proceedings that were part of the suit. (*Leman* v. *Krentler-Arnold Co., supra.*)

The Civil Practice Act (§ 1172) sets forth the procedure to be followed in enforcing a judgment in an action for divorce or separation by contempt proceedings. It provides that no demand need be made upon the husband in order that he be proceeded against and punished for failure to make any payment under the judgment. The wife may proceed by an order directing the husband to show cause why the punishment for contempt may not be imposed. The section does not require personal service of such an order to show cause. Being an order in the action, the nature of the notice to be given of an application to enforce the judgment by punishment for contempt is, therefore, within the discretion of the court, which may require only such notice as it may deem appropriate to advise the defendant of the relief sought against him and to give him an opportunity to be heard. (*Pitt* v. *Davison, supra.*)

In *Rosenthal* v. *Rosenthal* (201 App. Div. 27) this court stated that, after entry of final judgment, service of an order to show cause to punish for a contempt may not ordinarily be made upon an attorney who appeared for a party in the action. That case cited *Wulff* v. *Wulff* (74 Misc. 213; affd., 151 App. Div. 22) and *Keller* v. *Keller* (100 id. 325) as authority for the rule stated. We do not question the correctness of this rule, which is based on the principle that any presumption that might arise concerning the agency of an attorney would not extend beyond the final judgment or apply to proceedings subsequent thereto.

However, we may point out that in the cases cited in the *Rosenthal* case, lack of authority on the part of the attorney served was affirmatively shown.

In *Wulff* v. *Wulff* (*supra*) the attorney upon whom service was made appeared and stated to the court that he was without authority to appear on the motion. And in *Keller* v. *Keller* (*supra*) the attorney who appeared for the defendant in the action, prior to the entry of judgment, stated (in an affidavit on a motion to vacate and set aside the order adjudging the defendant in contempt) that he was not at the time of the service of the motion papers to punish for contempt, and had not been for some time prior thereto, and was not at that time, the attorney for the defendant.

We have no such denial of authority in the present case. Mr. Carroll at the present time appears specially as attorney for the defendant for the purpose of attacking jurisdiction. He makes no statement concerning the extent of his authority. His special appearance might be said to indicate that the relation of attorney

and client presently exists between him and defendant at least for some purposes. But, assuming that the record does not show that Mr. Carroll has authority to receive notice of a motion to punish for contempt, we think in this case the additional notice given to the defendant personally is adequate notice of the application.

While service of process may not be effected outside the territorial limits of a State for the purpose of affording a State court jurisdiction in an action *in personam*, the notice in this case was not process served to acquire such jurisdiction. The order to show cause was served to give the defendant reasonable notice of a motion in an action where the court already had complete jurisdiction of the person of the defendant and had authority to enforce its judgment in the manner sought to be accomplished by the motion. No lack of jurisdiction existed under the circumstances.

The appellant also contends that as the moving papers show he is a non-resident of this State, the motion should have been denied as futile, for the reason that any order made would be unenforcible outside this State. He cites as authority for this contention the opinion of the Appellate Division, Second Department, in *Wulff* v. *Wulff* (*supra*). The *Wulff* case involved an appeal from an order denying a motion to punish for contempt. It appeared that the defendant had left the State. The order was affirmed as within the court's discretion. The matter quoted in the *Wulff* case from *Brinkley* v. *Brinkley* (47 N. Y. 40) with respect to futility of such orders, when read in connection with the remainder of the opinion in the latter case, shows that the Court of Appeals in making the statement quoted was indicating a possible reason for striking out pleadings because mere entry of an order punishing for contempt would be ineffective to secure payment of counsel fees. No intention on the part of the Court of Appeals to assert a rule denying the right to proceed with a motion to punish for contempt in all cases merely because the defendant willfully absents himself is indicated. To the contrary *Brinkley* v. *Brinkley* expressly recognized the right to so proceed upon proper notice where jurisdiction existed.

We find that Special Term properly exercised its discretion in the present case. There was no proof that defendant was unlikely to return.

The order should be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Order unanimously affirmed, with twenty dollars costs and disbursements.