JULIE STRNAD, Plaintiff, *v.* ANTOINE STRNAD, Defendant.*

Supreme Court, Special Term,. New York County, August 24, 1948.

*Frederick J. Raport* for defendant.

*Arnold J. Calie* for plaintiff.

GREENBERG, J. The decree of this court granted to the defendant the right to visit the infant Antoinette Strnad every Sunday between the hours of 11:00 A.M. and 4:00 P.M.

The plaintiff has removed the child to Oklahoma and has elected permanently to remain in that State and to keep the child there.

Plaintiff has appeared generally on this application and has submitted an affidavit in opposition and seeks to justify her removal of the child from the jurisdiction of this court, stating that there is no prohibition in the judgment herein preventing her from leaving this jurisdiction with the child, and that she

therefore cannot be adjudged guilty of contempt in removing the child to Oklahoma.

Upon the argument of the motion the plaintiff's attorneys made the claim that this court was without jurisdiction to punish the plaintiff as service of the moving papers was not made upon her, personally, but was made only on her attorneys in the action.

Though, as stated, plaintiff has appeared generally to oppose this motion, I think it appropriate to invite attention to *Karpf* v. *Karpf* (260 App. Div. 701) wherein it was held that where jurisdiction over the person is acquired the judgment is binding not merely within the State of New York, but elsewhere, and that the party cannot escape the effects of the judgment by removing from or staying without the State of New York. It was held further that service of the motion papers upon the attorney who appeared in the action was sufficient.

The motion will therefore be disposed of on the merits.

Implicit in the decretal provisions granting the defendant the right of visitation was the imperative duty and requirement by the plaintiff to produce the child as directed so that the defendant could visit with the child every Sunday between the hours of 11:00 A.M. and 4:00 P.M., and this necessarily meant within this State, and in the situation disclosed within the city of New York, since the parties at the time were residents of this city and the child resided here with the plaintiff.

This provision as to right of visitation must be viewed in the light of reality and the parties clearly understood that the child should be within the State and available to defendant for visitation.

Even assuming the plaintiff was not prohibited from removing the child from the State, she was, in any event, duty bound to produce the child here every Sunday between the hours of 11:00 A.M. and 4:00 P.M. When she failed to do so, this was a violation of the pertinent provision mentioned and constituted a contempt of court.

The plaintiff was fully aware of the fact that in acting as she did she was rendering ineffectual and nugatory the provision of the decree with respect to visitation. Her conduct was contumacious and in the light of her past performances cannot be ascribed to ignorance or lack of understanding.

The motion is accordingly granted and plaintiff is adjudged in contempt. Settle order.