Henry Clay Greenberg, J.
Plaintiff seeks an order directing the defendant to give security for the payment of sums due and sums to become due for the support and maintenance of herself and daughter, for the sequestration of defendant’s personal property within the State of New York, and the appointment of plaintiff as a receiver and for other incidental relief.
The order to show cause directs that service of the order and motion papers attached thereto be made upon defendant by registered mail at his office in New York City as well as at 1031 Skyline Drive, Reno, Nevada, which he claims to be his present address, and upon his attorney and business manager in New York City. Proof of service with return receipts signed by defendant in accordance with the directions of the court is submitted by plaintiff.
Defendant’s counsel appears specially for the sole purpose of contesting the jurisdiction of this court over the person of the defendant on the ground that defendant is and intends to remain a resident of Nevada.
The litigation leading to the present application began on February 7, 1952, when a judgment of separation in favor of the plaintiff was entered in this action awarding plaintiff permanent alimony in the sum of $700 a month for the support and maintenance of herself and child, the issue of the marriage. Four years later defendant went to Nevada, established a residence for the required period, and on April 11, 1956, obtained a decree of absolute divorce. No provision for alimony was included therein. Upon the issuance of the Nevada decree defendant discontinued the payment of alimony ordered by the judgment of this court in the present action.
As plaintiff was not served personally and did not appear in the Nevada proceeding, her right to alimony awarded by the New York judgment remains unaffected by the Nevada decree, although the divorce provisions therein are entitled to full faith and credit by the courts of New York (Estin v. Estin, 334 U. S. 541; Kreiger v. Kreiger, 297 N. Y. 530).
So far as the award of alimony is concerned, the judgment of the court in the present action continues in full force and effect and is binding upon the defendant wherever he may reside. He cannot escape the effects of the judgment by removing and staying without the State of New York (Karpf v. Karpf, 260 App. Div. 701, 703).
The defendant submitted to the jurisdiction of the court by appearing at the trial and contesting plaintiff’s right to alimony. No further process is needed to bring defendant within the jurisdiction of the court. (Leman v. Krentler-Arnold Co., 284 U. S. 448.)
*523 In Karpf v. Karpf (supra) on a motion to punish for contempt, the court had under consideration the same question of jurisdiction over the person of the defendant as arises here. Although the motions to enforce the judgment differ, the theory of jurisdiction upon which the decision rests, is the same. The court stated (p. 705): “While service of process may not be effected outside the territorial limits of a State for the purpose of affording a State court jurisdiction in an action in personam, the notice in this case was not process served to acquire such jurisdiction. The order to show cause was served to give the defendant reasonable notice of a motion in an action where the court already had complete jurisdiction of the person of the defendant and had authority to enforce its judgment in the manner sought to be accomplished by the motion. No lack of jurisdiction existed under the circumstances.”
The challenge to the method of service finds no support in the law. If was within the court’s discretion to designate the mode of service of the order to show cause, since it was an order in an action. (Scott v. Scott, 219 App. Div. 451, appeal dismissed 247 N. Y. 527; Karpf v. Karpf, supra.)
The notice is sufficient, since it advises the defendant of the relief sought against him and gives him an opportunity to be heard. Service was made by mail upon defendant and his attorney at their respective places of businesses in New York City as prescribed by rule 20 of the Rules of Civil Practice.
The further request by the plaintiff for security for the payment of sums to become due is predicated upon the provisions of section 1171 of the Civil Practice Act. There it is provided that a judgment awarding alimony may be enforced by directing the delinquent husband to give security for the sums due or to become due or if he fails to give security to direct the sequestration of his property. Section 1171 is applicable to the present situation, where defendant concededly has been in default and plaintiff seeks the aid of the court in enforcing the judgment by an order after the rendition of judgment and in a situation where the defendant has been personally served within the State.
The facts as presented in the affidavits and admitted by the defendant warrant the court in the exercise of discretion in granting the relief authorized under section 1171, but only to the extent of requiring the defendant to file a bond for the security for the sums due and to become due pursuant to the provisions of the judgment awarding alimony to the plaintiff.
The obvious purpose of the defendant in claiming a residence in Nevada is to evade the payment of alimony. There is no *524 guarantee that he will continue to live there once the court permits him to escape his obligations under the decree of this court. He has an office for the transaction of business in New York City and therefore he ought not to be permitted to flout either the jurisdiction or the orders of the court.
The fact that the defendant is not within the State at the present time, even if nothing else appear, is sufficient to warrant the granting of an order to give the security requested by the plaintiff pursuant to the provisions of section 1171 of the Civil Practice Act (Lyle v. Lyle, 72 N. Y. S. 2d 640).
At the present time a sequestration order would be premature. Accordingly the court directs the defendant to give security as provided for in the appropriate provision of the Civil Practice Act and to furnish and file a bond to the plaintiff in the sum of $7,500 in the office of the Clerk of the County of The Bronx. The court further directs that the sum of $500 be paid to plaintiff for her expenses in bringing on this motion.
Except as herein granted, the motion is otherwise denied. Settle order.