Matthew M. Levy, J.
TMs is a motion by the defendant husband to modify a judgment of separation in favor of the plaintiff wife so as to annul the provisions thereof directing payment of support to the plaintiff for herself and the infant daughter of the parties, so as to award custody of the child to the defendant instead of to the wife and so as to relieve the defendant from further payment of certain counsel fees provided for in the judgment. The factual bases for the application are the defendant’s allegations that his wife is living in open adultery with a paramour, that the daughter is being urged by the plaintiff to ignore and forget her natural father, and that the plaintiff, lover and child have left the State, thus completely depriving the defendant of the rights of visitation granted him in the judgment.
This proceeding was begun by order to show cause which provided that service thereof, together with the affidavits upon which it was based, would ‘ ‘ be deemed good and sufficient service ” “if served upon the plaintiff or her attorney ’’ before a specified date. The plaintiff was not served, but the attorney who had represented the plaintiff in the action was. No papers are submitted by the plaintiff or on her behalf opposing the defendant’s application on the merits. The attorney has appeared “pro se ” and submits that the application must be denied because the plaintiff has not been personally served. He has filed an affidavit to the effect that the relationship of attorney and client between him and the plaintiff terminated when the final judgment was procured, that at that time he turned the papers in the case over to the plaintiff, that he no *1043 longer represents the plaintiff, and that the only interest he has in the matter is to collect the balance of his counsel fee. The attorney also presented an affidavit from the father of the plaintiff and a photostatic copy of a letter from the plaintiff which indicate that the plaintiff and the child now reside and are in Florida and that the plaintiff has engaged an attorney in Florida to represent her.
At the outset, therefore, the question before me is whether the court has jurisdiction to act upon the application. Had the action still been pending — in the sense that it had not yet reached final judgment — my decision in Cann v. Cann (204 Misc. 1069) would have resolved this matter for me. But the general rule is that the relationship of attorney and client, and the authority and powers of counsel as the attorney of record in a lawsuit, cease and terminate on the rendition of final judgment in the suit (Weiner v. Jones, 245 App. Div. 17). And, after entry of final judgment, service of an order to show cause may not ordinarily be made upon the attorney who appeared for the party in the action (1 Carmody-Wait on New York Practice, § 101, p. 316). However, there are situations Avhere the Legislature has extended the presumption of the attorney’s agency to deal Avith the judgment for a certain period after its entry (see, for example, Civ. Prac. Act, §§ 530, 562; Ward v. Roy, 69 N. Y. 96; Davis v. Bowe, 118 N. Y. 55).
What is the situation in matrimonial actions ? After the entry of a final decree, one party may seek to punish the other for flouting it, or he may seek to enter a money judgment upon it, or he may seek to modify it. (There may be other items of relief desired or available, but those which I have enumerated Avill suffice for present purposes.) Do the statutes facilitate such proceedings by obviating the necessity of personal service Avithin this State of the initiating process? I think they do.
Where a husband is in default in making the payments required by the decree, the Civil Practice Act, in section 1172, provides for enforcement by civil contempt proceedings, to be taken as prescribed in article 19 of the Judiciary Law. Section 761 (in art. 19) of the Judiciary Law states that an order to sIioav cause, issued to bring on a motion to punish, as for a civil contempt, one who has disobeyed the judgment, “ is equivalent to a notice of motion; and the subsequent proceedings thereupon are taken in the action or special proceeding, as upon a motion made therein * * * [and] such order to show cause shall be served upon the accused, unless service upon the attorney for the accused be ordered by the court or judge ”. In section 1171-b of the Civil Practice Act, provision *1044 is made for enforcement by execution of the matrimonial decree. The court is there authorized to direct the entry of judgment for the arrears, if any, resulting from default by the husband in his financial obligations under the decree — and the section specifies that the ‘1 application for such order shall be upon such notice to the husband or other person as the court may direct”. Section 1170 of the Civil Practice Act, among other things, permits the court — after final judgment — to annul, vary, modify or insert directions affecting the care, custody, education and maintenance of the issue of the marriage or for the support of the wife. This section requires that, on an application for such relief, “due notice ” must be “ given in such manner as the court shall prescribe ”.
The effect of this last section is to prolong the jurisdiction of the court over the action and the parties to the action so as to empower the court to deal with the judgment. As put authoritatively by the Court of Appeals in Fox v. Fox (263 N. Y. 68, 70): “ Under the present statute (Civ. Pr. Act, § 1170) the court is authorized at any time after final judgment to annul, vary or modify such an award; or, if there was no award, to make one by amendment. The application may be made by either party to the action upon such notice to the other as the court shall prescribe. A similar right was formerly secured by reservation of leave to apply at the foot of the judgment or otherwise, [citing cases] Under such a reservation, jurisdiction over the incidental subject-matter continued. [citing-cases] The effect of the statute is to write a reservation into every final judgment of divorce. The jurisdiction of the court over the parties and over the incidental subject-matter is prolonged ; and to that extent the action may be said to be pending within the meaning and intent of section 1169 of the Civil Practice Act ” (which provides for alimony, maintenance and expenses during the pendency of a matrimonial action).
Karpf v. Karpf (260 App. Div. 701) involved a motion to punish the defendant for contempt for nonpayment of alimony directed to be paid in a final judgment; the defendant was served personally outside of this State and his attorney in the action was served within the State and appeared specially. The court overruled the special appearance, holding that, since jurisdiction under the statute remained in the court, only such notice of the post-judgment proceeding was necessary as would give the respondent on the motion reasonable opportunity to be heard, and he was afforded that opportunity when he was thus served. The court said, at page *703, that the judgment “ was binding upon the defendant personally, not merely within *1045 the State of New York, but elsewhere. The defendant cannot escape the effects of the judgment by removing from or staying without the State of New York.”
In Long v. Long (196 Misc. 982, 984) Mr. Justice Walter said: ‘ ‘ Motions to punish for contempt for violating orders or judgments based upon personal service are regarded as part of or incidental to the cause in which the order or judgment was made; and hence do not require additional personal service within the court’s territorial jurisdiction [citing cases] ; and possibly a motion to modify such an order or judgment should be so regarded, although as to that I express no opinion.” What my learned colleague thus reserved for later determination has fallen to my lot to resolve in the case at bar. I am of the view that if the plaintiff had been personally served with the present moving papers — even though such service were effectuated in Florida — there would be no question of the court’s jurisdiction to entertain and determine the defendant’s application. For the statute does not require personal service within the State; all that is required is ‘ ‘ due notice ’ ’ “to be given in such manner as the court shall prescribe ” (Civ. Prac. Act, § 1170). By the same token, if the moving papers were served, as permitted by the order to show cause, upon the plaintiff ]s “ attorney ”, I should overrule her plea to the jurisdiction of the court.
In Strnad v. Strnad (194 Misc. 743) the defendant moved to adjudge the plaintiff in contempt for removing the child of the parties from the State in violation of the judgment granting the defendant certain rights of visitation. Service of the papers, pursuant to a provision in that regard contained in the order to show cause, was upon the attorney. It was there held by Mr. Justice Greenberg that such service was sufficient to give the court jurisdiction. But the decision is not helpful here, because the respondent in that case appeared generally and contested the motion on the merits. Precedents closer to the point are Wulff v. Wulff (74 Misc. 213, affd. 151 App. Div. 22) and Keller v. Keller (100 App. Div. 325), álso motions to punish for contempt, where the attorney upon whom service was made stated that he was without authority to appear on the motion or that he had not been for some time prior to, and was not at the time of, service, attorney for the accused party. It was held that the requirement of due notice had not been met. But I cannot believe that that necessarily disposes of the present issue — and for what are, to me, two good reasons.
Firstly, there is, quite obviously, a fundamental and important distinction in the nature and result of a proceeding *1046 instituted to punish one for contempt for default under a judgment, on the one hand, and of an application to amend the provisions of the judgment, on the other. Indeed, the statutes as to the required notice in each case are differently worded, and I cannot assume that the difference in language was unintended or meaningless. To punish, the “ order to show cause shall be served upon the accused, unless service upon the attorney for the accused be ordered” (Judiciary Law, § 761). But to modify, all that is needed is that “ due notice to the other [party] * * * be given in such manner as the court shall prescribe ” (Civ. Prac. Act, § 1170). In the first instance, it might well be thought that the attorney-client relationship must exist specifically at the precise time of the service of the order to show cause upon the attorney for the accused. But, as I read the section now involved, the Justice who prescribed the manner of notice could have provided that it be given to the plaintiff in any of a number of ways — for example, to the attorney for the plaintiff (if attorney for her he still was), to the former attorney for the plaintiff (if there was in fact a termination of relationship), to the plaintiff’s father, to the plaintiff personally, by publication, by mail. For all that is required is that the plaintiff shall have been afforded a reasonable opportunity to be heard in opposition to the defendant’s application to modify the judgment. It was necessary only that the court be assured that service upon the ''attorney” (meaning the attorney who represented the plaintiff during the pendency of the action) be adequate to give notice to the party against whom the relief is asked. I find that to have been the ease here.
And that brings me to the second reason why I am of the view that Wulff v. Wulff (supra) and Keller v. Keller (supra) do not conclude the matter: there are facts in the present record which differentiate the case at bar. The judgment here is a recent one, and the plaintiff’s attorney is shown by the submitted papers to have sought, quite lately, to enforce it on plaintiff’s behalf. The judgment was entered on June 26, 1956 and the moving papers in this proceeding were served on the attorney on November 8, 1956. Although the attorney has asserted that his professional relationship in this matter terminated in July, 1956 and that he has not represented the plaintiff since that time, the defendant has shown that as late as October 1, 1956 the attorney wrote him in demand of allegedly unpaid alimony installments, counsel fees and costs, notifying the defendant that unless the arrears are paid “ the remedy available for your failure to comply will be resorted *1047 to ”, and that “ [i]f you wish to speak with me concerning same, please call for an appointment and advise your attorneys that you are doing so.” It also appears that on November 8, 1956 the attorney wrote the plaintiff to her New York address (1271 First Ave., New York City), that “ today I was served with [the instant motion] papers ”, specifying the relief requested and the date, time and place returnable, and stating that “ [s]ince this matter is of great importance to you, and since I have not heard from you in several months, please arrange to have your new attorney telephone me ’ The letter does not appear to have been returned. The address, 1271 First Avenue, New York City, is the residence of the plaintiff’s father, who, before the adjourned return date of the motion, was in telephonic communication with his daughter, the plaintiff, in Florida, and it appears from a written communication by the plaintiff to the attorney, that her father had informed her of the service of “ some papers Where, in Florida, the plaintiff and her paramour and the child of the plaintiff and the defendant are residing is not known to the defendant and the disclosure of the plaintiff’s present whereabouts seems to have been studiously avoided. The court ?s power to deal with its own judgment, in such circumstances, should not be so circumscribed (cf. Cochrane, J., concurring in Davidson v. Ream, 175 App. Div. 760, 768).
I have therefore come to the conclusion that the plaintiff’s objection to the jurisdiction of the court should be and is overruled. In order, however, to give the plaintiff a further opportunity to contest the application on the merits, her default on the prior return date of the motion will not now be taken, and the motion will be restored to the calendar of Special Term, Part XII, for May 29, 1957 at 10:00 a.m., at which, time any opposing affidavits on the merits may be served upon the defendant’s attorney and submitted to the Justice then presiding.