John E. Cone, J.
This is a motion by defendant to modify the judgment entered herein by deleting therefrom the provision for support and maintenance of plaintiff and the infant issue of the marriage, pending return of the plaintiff and the child to the jurisdiction of this court. Plaintiff sued for a separation, which was denied. The judgment entered herein on March 4, 1955, provided that plaintiff have custody of the infant issue of the marriage, that defendant pay plaintiff the sum of $50 per week, $25 of which was for support and maintenance of the plaintiff and the remaining $25 for support and maintenance of the child, and that defendant have visitation rights as provided therein. On July 11, 1956, an order was granted in this court requiring plaintiff to show cause why she should not be punished for contempt for failure to comply with the judgment with respect to defendant’s rights of visitation. Upon a showing of inability to serve said order to show cause within the time provided for therein, on August 1, 1956, a second order to show cause was granted. The present order to show cause seeks the same relief as the two previous orders. This last-mentioned order provided for service thereof on the attorney who represented- plaintiff in the action and subsequently thereto. Plaintiff has not appeared on the motion nor submitted any affidavit in opposition thereto. However, an affidavit has been submitted by the attorney mentioned in which he states: “I am without any power to accept any papers on behalf of the plaintiff nor am I the attorney for the plaintiff upon whom the papers can be served. This case, as the defendant states, has proceeded to judgment.” It is significant that said affidavit fails to state specifically that said attorney no longer represents the plaintiff. Bather the statement quoted would seem to represent the.affiant’s conclusions that because the matter has proceeded to judgment he no longer is ‘1 the attorney for the plaintiff upon whom the papers can be served.”
The question for determination is whether the court has obtained jurisdiction of the plaintiff under the applicable provisions of the statutes. Section 1170 of the Civil Practice Act, among other things, permits the court — after final judgment — to annul, vary, modify or insert directions affecting the care, custody, education and maintenance of the issue of the marriage or for the support of the wife. This section requires that, on application for such relief, “ due notice ” must be ‘ * given in such manner as the court shall prescribe.” As pointed out in Massimino v. Massimino (5 Misc 2d 1041), the effect of section 1170 of the Civil Practice Act is to prolong the jurisdiction of *31 the court over the action and the parties to the action so as to empower the court to deal with the judgment (Fox v. Fox, 263 N. Y. 68, 70). Furthermore, while the judgment was entered herein March, 1955, it would appear from defendant’s affidavit that in July, 1956, on a motion to punish plaintiff for contempt for failure to comply with the provisions of the judgment concerning defendant’s rights of visitation, plaintiff’s attorney of record in the action appeared for her on said motion and that as late as May 28,1957, said attorney represented plaintiff and, on her behalf, requested additional funds for the plaintiff. Plaintiff’s said attorney does not deny these allegations. If said attorney, who represented plaintiff on May 28, 1957, no longer represented her on the 24th day of September, 1957, the day upon which the order to show cause was served upon him, it would seem to be much better procedure to have submitted an affidavit stating specifically that he no longer represented the plaintiff, rather than his conclusions as to his power or authority to accept papers on behalf of plaintiff, but that, nevertheless, he had notified plaintiff of the service of the order to show cause and of the return date thereof so that plaintiff might appear in opposition thereto or take such steps to protect her interests as she might be advised.
The court having power to direct the manner of service of the order under section 1170 of the Civil Practice Act and the service having been made in accordance with such direction and there being no opposition to the motion and it appearing from the affidavit of defendant that plaintiff has failed to comply with the order of this court with respect to the visitation rights of the defendant, the motion should be granted and defendant relieved from further payments under the judgment until the issue of the marriage is returned to the jurisdiction of this court and plaintiff complies with the judgment. It would appear from the affidavit of defendant that he has been unable to serve plaintiff personally or ascertain her or the child’s present whereabouts. It may well be that suspension of payments may result in the disclosure of the plaintiff’s and the child’s whereabouts within the jurisdiction of the court or cause their return to such jurisdiction if they are without the jurisdiction of the court.