Matthew M. Levy, J.
The action is for a judgment of separation. The defendant husband appeared in the action by Eustace V. Dench, Esq. The plaintiff wife moves by order to show cause to punish the defendant for contempt for failure to pay temporary alimony and counsel fees, as directed by the court on March 16, 1957, and for the entry of judgment for the arrears.
It appeared, from an exhibit submitted in support of the application for the instant order to show cause (which was granted on Dec. 30, 1957), that Mr. Dench had written the plaintiff’s attorney on November 22, 1957, shortly prior to the latter’s request for the order, that he (Mr. Dench) no longer represented the defendant in the action. Mr. Dench also stated in this communication that, before writing the plaintiff’s attorney, he (Mr. Dench) “had to await word from Mr. *647 Newlin ”. It appeared further, from the papers supporting the application for the order to show cause, that Mr. Newlin is a Philadelphia lawyer, who “ was now [June, 1957] representing the defendant ”, that “ Mr. Newlin requested a conference with the plaintiff and that such conference was arranged ” and held in New York City, that “in spite of this conference and numerous telephone calls plaintiff and attorney Newlin was [sic] unable to reach any type of agreement that would be satisfactory to both parties. That in all this time defendant has refused to and in fact has not paid any part of the Court order.” And, in conclusion, the plaintiff’s attorney requested the court to be “ allowed to serve this order [to show cause] and affidavit upon which it is granted upon Aubrey R. Newlin, attorney for defendant, at his office at 421 South 15th Street, Philadelphia, Pennsylvania, and that such service be deemed sufficient. ’ ’
The order to show cause as granted provided that service of the moving papers 11 upon said defendant or his attorney on or before the 16th day of January, 1958 [shall] be deemed sufficient ”, The plaintiff caused copies of the order to show cause and the affidavits annexed thereto to be served upon Mr. Newlin in Philadelphia on January 10, 1958. The moving papers were not served upon the defendant’s attorney of record in this State,
The motion was made returnable, by the order to show cause, on January 23, 1958. On January 20, 1958, Mr, Newlin wrote the clerk of the court, enclosing a copy of a letter of that date that he had written to the plaintiff’s attorney. That letter so completely and succinctly presents Mr, Newlin’s position that it deserves quotation in full:
Dear Mr. McGirt:
Service of your Order to Show Cause and relative affidavits in the above matter was made upon me in my offices by a Deputy Sheriff of the County of Philadelphia, State of Pennsylvania.
It appears therein that service was made upon me as Attorney for the defendant. However, I cannot understand the reason therefor.
Upon service of the original papers the defendant contacted me and I referred him to an Attorney in New York, whose name is shown in the above said papers. Said Attorney entered his appearance for the defendant. Thereafter, the defendant informed me that he had discharged said Attorney and requested that I proceed on his behalf. Not being a member of the bar of the State of New York, I proceeded nevertheless to enter into negotiations with you on behalf of the defendant, outside of entering my appearance for him. The attempted negotiations were unsuccessful and thereafter, I, also, was discharged by the defendant. Since such time, I have not considered myself his counsel, nor have I been retained as such.
*648 Under the circumstances, it would seem to me that the above-said service is void, in view of the fact that I have not entered my appearance of record. Further, witness that I have not been retained to enter my appearance nor to proceed further in any fashion in this matter.
Should the Order to Show Cause that you have filed proceed to a hearing, it would be a hearing without notice to the defendant, or to his counsel of record.
It would seem, therefore, that any hearing upon your Order should be postponed until you have made service upon the defendant, unless you have already done so.
Although I have not been retained by the defendant or entered my appearance for him, I am setting forth my petition in detail, in order that the defendant’s interests may not be prejudiced because of my inaction as counsel noted in your Order as above said.
On the return date of the order to show cause, January 23, 1958, the defendant defaulted on the motion. The plaintiff adjourned the motion to February 20, 1958. She did not apply for or procure a modification of the order to show cause so as to permit service of the papers subsequent to January 16, 1958, the date fixed therein for such service. Instead, she caused the order to show cause, in its initial form, to be personally served upon the defendant in Florida on February 5, 1958, together with a so-called “Notice of Adjournment”, subscribed by the plaintiff’s attorney, informing the defendant that the motion had been adjourned from January 23, 1958, to February 20, 1958. The defendant did not appear on this latter date either, and the plaintiff applies before me for an order in contempt and for judgment as by default. In the absence of appearance by the defendant, the question arises, of course, whether the court has appropriate jurisdiction in the premises.
Had the plaintiff caused the initial order to show cause to be served upon the defendant personally prior to the date fixed for service therein, there would have been no question of due service — even though service was effectuated outside of the State of New York (Karpf v. Karpf, 260 App. Div. 701, 702-703; Leman v. Krentler-Arnold Co., 284 U. S. 448; Ridder v. Ridder, 175 Misc. 84; cf. Massimino v. Massimino, 5 Misc 2d 1041, 1045).
Had the plaintiff obtained a new order to show cause so as to extend the time of service upon the defendant personally, or had she procured a modification of the initial order to show cause in that respect, there would have been no problem either. But I hold that the attempted modification of the direction contained in the order to show cause, by the notice subscribed by the plaintiff’s attorney at the time of personal service of the order to show cause, has no validity in the absence of a *649 directive by the court in that regard. Rule 60 of the Rules of Civil Practice requires that an order to show cause contain a direction of when and how it shall be served. “ The order to show cause must direct when and how it shall be served; and the time and method of service would, of course, follow the direction in the order, and not the rule for the service of papers generally.” (1 Carmody-Wait on New York Practice, p. 647.)
Moreover, the plaintiff was not limited to a search for her allegedly defaulting husband throughout the length and breadth of the land. She might have ignored the informal discharge of or withdrawal by the attorney of record, and might have asked for and obtained a direction at the outset that service upon that attorney be deemed sufficient. Had that been done, and had service been effected accordingly, I should have held that there was jurisdiction. (Cann v. Cann, 204 Misc. 1069; Davalos v. Davalos, 283 App. Div. 699, motion for leave to appeal denied 283 App. Div. 783; Hendry v. Hilton, 283 App. Div. 168.)
But this, the plaintiff did not do. Instead, she asked for and obtained the right to serve the defendant’s Philadelphia lawyer who had forwarded the matter to New York counsel for formal representation of the defendant in the action. Whether the facts that the Philadelphia attorney did this and that he subsequently carried on settlement negotiations warrant the exercise of jurisdiction must now be decided, keeping in mind that this attorney asserts present absence of authority to represent the defendant.
In respect of that branch of the motion as seeks enforcement by process for contempt (Civ. Prac. Act, § 1172), the proceedings must have been instituted (insofar as present purposes are concerned) by an order to show cause which may “be served upon the accused [the husband], unless service upon the attorney for the accused be ordered ” (Judiciary Law, § 761). Such “order to show cause is equivalent to a notice of motion; and the subsequent proceedings thereupon are taken in the action or special proceeding, as upon a motion made therein” (Judiciary Law, § 761). I am of the opinion, and I so hold, that by the “ attorney” referred to in the statute is meant the attorney of record for the “ accused,” not his counsel or any other attorney who has not formally appeared for him in the action.
However, in Karpf v. Karpf (260 App. Div. 701, 704, supra) it is stated (it seems to me, by way of dictum only) that “ the nature of the notice to be given of an application to enforce the judgment by punishment for contempt is, therefore, within *650 the discretion of the court, which may require only such notice as it may deem appropriate to advise the defendant of the relief sought against him and to give him an opportunity to be heard.” On the assumption, therefore, that section 761 of the Judiciary Law entitles the plaintiff to obtain and serve an order to show cause upon the attorney, even though there has been no notice of appearance filed by that attorney for the accused, I hold that there must be proof of the actual relationship of attorney and client as of the time of the issuance of the order to show cause and of its service (Pitt v. Davison, 37 N. Y. 235, 241). This the plaintiff has failed to present (Wulff v. Wulff, 74 Misc. 213, affd. 151 App. Div. 22; Keller v. Keller, 100 App. Div. 325; cf. Massimino v. Massimino, 5 Misc. 2d 1041, 1045-1046, supra).
I shall next consider that branch of the motion as seeks entry of judgment preliminary to enforcement by execution. Unlike the provision of the Judiciary Law having to do with contempts, heretofore discussed, the application for judgment must, under the statute, be ‘ ‘ upon such notice to the husband or other person as the court may direct” (Civ. Prac. Act, § 1171-b). The statute does not require that that person be an attorney, of record or otherwise. But there must be notice and an opportunity to be heard (Griffin v. Griffin, 327 U. S. 220). And it suffices if the person directed to be served be one through whom it is likely that the defendant will obtain adequate notice of the application (cf. Muller v. Muller, 184 Misc. 587; Fishbach v. Fishbach, 4 Misc 2d 760).
Although the right to enter judgment is not affected by the husband’s change of domicile following the matrimonial decree or order directing payment (Durlacher v. Durlacher, 173 Misc. 329; Durlacher v. Durlacher, 123 F. 2d 70, cert. denied 315 U. S. 805; Leman v. Krentler-Arnold Co., 284 U. S. 448, supra; Burstein v. Burstein, 12 Misc 2d 521, affd. 2 A D 2d 879), I am of the view that, in the circumstances of the case at bar, Mr. Newlin’s representation of the defendant in Pennsylvania (and through Mr. Dench in New York) some time ago does not warrant the assumption that the defendant in Florida will have received appropriate notice of the application by service of the moving papers upon Mr. Newlin. The situation is quite unlike that presented in Massimino v. Massimino (5 Misc 2d 1041, 1046- 1047, supra).
Accordingly, the motion is denied, but without prejudice to renewal upon due service of notice of the application.