138

RITA M. ROBINSON, Appellant, *v.* EDWARD N. ROBINSON, Respondent.

First Department, November 30, 1965.

*Bernard R. Selkowe* for appellant.

*Per Curiam.* Plaintiff obtained a judgment of separation in the Supreme Court, New York County, on May 29, 1963 which directed that defendant pay $7,500 per annum as permanent alimony in equal monthly payments of $625 each. Defend-

ant made payments pursuant to that judgment up to and including June, 1965. By letter dated July 17, 1965, defendant, who was then in Denmark, informed plaintiff that he intended to obtain a divorce in Denmark and to seek a reduction in the amount of alimony there. At the time plaintiff made her application for sequestration, defendant was in default in the payment due in July, 1965.

Since defendant had defaulted in the payment of the alimony decreed by the judgment and had announced his intention not to comply therewith and to remain outside the jurisdiction of the court, plaintiff was entitled to the remedy of sequestration under section 243 of the Domestic Relations Law. Special Term's denial of plaintiff's application, without prejudice, was predicated on the stated purpose of affording defendant an ample opportunity to obtain new counsel in the event he desired to oppose plaintiff's application.

There was no valid reason for deferring consideration of plaintiff's motion. The order to show cause, dated August 5, 1965, upon plaintiff's motion, directed service upon defendant by mail and upon his former counsel in the action personally. Service was made in accordance with that order to show cause. On the return date of the motion, August 30, 1965, the attorneys so served — who had represented defendant on the action which terminated in the separation decree — submitted an affidavit in which they averred that they were not authorized to represent the defendant in this post-judgment application. Their assertion was based on their contention that the authority of an attorney retained to defend an action does not continue after final judgment, and upon a letter dated August 15, 1965 received from defendant (in answer to one which the attorneys had written to plaintiff informing him of the application for sequestration) in which defendant stated that he was a resident of Denmark, had retained Danish counsel to advise him in his matrimonial affairs and did not want his former attorneys to represent him in this matter.

We are not concerned with the question of the extent of an attorney's authority to represent a party after a final judgment. (See *Karpf* v. *Karpf,* 260 App. Div. 701; *Rosenthal* v. *Rosenthal,* 201 App. Div. 27; *Keller* v. *Keller,* 100 App. Div. 325; *Wulff* v. *Wulff,* 74 Misc. 213, affd. 151 App. Div. 22; *Massimino* v. *Massimino,* 5 Misc 2d 1041.) A motion for sequestration, after final judgment, must be considered, like a motion to punish for contempt for nonpayment of permanent alimony, a motion in the action. (See *Pitt* v. *Davison,* 37 N. Y. 235.) Since defendant appeared in the separation action, no further original process

is necessary to bring the defendant within the jurisdiction of the court for the purposes of enforcing the judgment.

In *Karpf* v. *Karpf* (*supra*) in which, on a motion to punish for contempt for failure to comply with a judgment in a matrimonial action, the court considered the question of post-judgment jurisdiction over the person of a defendant, the court said (p. 705): " While service of process may not be effected outside the territorial limits of a State for the purpose of affording a State court jurisdiction in an action *in personam,* the notice in this case was not process served to acquire such jurisdiction. The order to show cause was served to give the defendant reasonable notice of a motion in an action where the court already had complete jurisdiction of the person of the defendant and had authority to enforce its judgment in the manner sought to be accomplished by the motion. No lack of jurisdiction existed under the circumstances."

The mode of service of the order to show cause was within the court's discretion, and the notice was sufficient since it was appropriate to advise defendant of the relief sought and gave him a reasonable opportunity to be heard. (*Burstein* v. *Burstein,* 12 Misc 2d 521, affd. 2 A D 2d 879; *Karpf* v. *Karpf, supra.*)

Defendant's failure to oppose the application, although adequate notice was given him, was in no way attempted to be excused. It was an improvident exercise of discretion for Special Term to require plaintiff to renew her motion to give defendant further opportunity to obtain new counsel — relief which he did not affirmatively seek — since it appeared he had deliberately defaulted on the motion. The extension of time was particularly prejudicial to plaintiff since there was an imminent possibility that assets in this State — which could be sequestered — might be removed from the jurisdiction.

Upon the undisputed facts, plaintiff was entitled to sequester defendant's property in this State; her motion for sequestration and the appointment of a receiver should have been granted.

On this appeal, the former attorneys of defendant were named as attorneys for defendant in the notice of appeal and on the record filed with this court. They have advised the court that they are not authorized to represent the defendant and do not appear for him. However, CPLR 5515 provides that an appeal may be taken by serving on the adverse party a notice of appeal and filing it. A copy of the notice of appeal was served on defendant as well as on his former attorneys. Hence, the appeal is properly before us, irrespective of whether or not the

service of the notice of appeal on defendant's former attorneys was effective.

The order entered September 13, 1965, denying plaintiff's motion to sequester the property of defendant in the State of New York and to appoint a receiver thereof, without prejudice to a renewal thereof after the expiration of 30 days, should be reversed on the law and the facts, and in the exercise of discretion, with costs and disbursements to appellant; the motion should be granted, and the matter remitted to Special Term, Supreme Court, New York County, for the making and entering of an appropriate order providing for the sequestration of defendant's property and the appointment of plaintiff as receiver in accordance with the provisions of section 243 of the Domestic Relations Law.

BREITEL, J. P., RABIN, VALENTE, STEVENS and STEUER, JJ., concur.

Order, entered on September 13, 1965, unanimously reversed, on the law and the facts, and in the exercise of discretion, with $30 costs and disbursements to the appellant, plaintiff's motion for sequestration granted, with $10 costs, and the matter remitted to Special Term, Supreme Court, New York County, for the making and entering of an appropriate order providing for the sequestration of defendant's property and the appointment of plaintiff as receiver in accordance with the provisions of section 243 of the Domestic Relations Law.