Louis B. Heller, J.
Plaintiff, former husband, moves for an order adjudging defendant in contempt for failure to comply with an order pertaining to custody and visitation; directing her to return the infant child Leslee to plaintiff and ordering defendant’s arrest and commitment.
The order (supra) was entered September 23, 1974 modifying the divorce decree of March 14, 1970, in a proceeding instituted by defendant herself in attempting to have custody of the child transferred to her. Transfer was denied but visitation was enlarged. Defendant filed a notice of appeal, which incidentally has not been prosecuted.
The motion to punish the defendant for contempt and the other requested relief stems from the following:
The child who had been visiting with the defendant during the Christmas holiday (1974) was not returned on January 1, 1975. Instead a telegram was sent to the plaintiff advising that the child would be returned on January 5, 1975 at 6:30 pm. When that time came and passed without the child being returned, plaintiff attempted to call the defendant but her telephone had been disconnected. Plaintiff then went to defendant’s home with police but found the apartment had been vacated.
Plaintiff obtained the within order to show cause which provided for service upon defendant’s attorney Errol A. Brett, Esq. On the return day, January 6, 1975, Mr. Brett appeared and requested an adjournment stating he no longer repre *182 sented defendant. The court adjourned the matter to January 20, 1975 and instructed Mr. Brett to inform defendant by letter of the order to show cause and of the adjourned date.
On January 20, 1975, Mr. Brett again appeared and stated he had complied with the court’s direction. However, from testimony elicited from a witness subpoenaed by plaintiff, it appears that letters sent to defendant were not received by her but by a Mr. Sexton, an attorney, because defendant had informed the postal authorities to forward to him all letters addressed to her. Mr. Sexton testified that she had asked him "to represent her in trying to keep the child”, but that he had refused, as he was no longer in practice. He also stated that he tried to return two certified and two registered letters which came to him, but they were refused by the Post Office, as he had signed for them. Other testimony adduced before me showed that defendant had arranged with a friend to sell all of her household effects which she had taken from her apartment and stored in a vacant apartment in her friend’s building.
Under these circumstances there are two questions which require resolution: (a) is there jurisdiction, and (b) if so, is there sufficient basis, in the absence of notice of the application, upon which to predicate an order punishing defendant for contempt of court?
As to (a) — jurisdiction:
Section 761 of the Judiciary Law provides, in part: "In a civil contempt proceeding such order to show cause shall be served on the accused, unless service upon the attorney for the accused be ordered by the court or judge.”
This provision was complied with since the order to show cause herein directed service to be made on Errol Brett, attorney for defendant. In Karpf v Karpf (260 App Div 701) a post-judgment motion to punish for contempt, it was held that a judgment binding in New York was binding elsewhere as well and that removal from the State does not permit escape from its effect on the recipient and that service of the motion papers upon the last attorney to appear for the defendant was sufficient, provided the order so directed. Also, that having appeared in the action by counsel, the court had jurisdiction over the defendant which continued until amended, modified or altered (see, also, People ex rel. Taylor v Taylor, 19 Misc 2d 101).
*183 In Strnad v Strnad (194 Misc 743) the wife moved to another State to reside there permanently with the child, depriving the husband of visitation. The attorney who had represented her in the action was served (she was not). He appeared and argued the motion, challenging jurisdiction. It was held on the basis of Karpf v Karpf (supra) that jurisdiction was complete and binding and that service of the papers on the attorney was sufficient.
In Robinson v Robinson (24 AD2d 138) the appellate court reversed an order denying plaintiffs application for sequestration, based on an order to show cause served on the attorney, as provided in the show cause order, because the attorneys who had represented the defendant, appeared and said they were not authorized to represent the defendant after judgment, and they had received a letter from defendant in Denmark stating he did not want these attorneys to represent him in this matter. On the question of the attorney’s authority, the court said (pp 139-140): "We are not concerned with the question of the extent of an attorney’s authority to represent a party after a final judgment. (See Karpf v Karpf, 260 App Div 701; Rosenthal v Rosenthal, 201 App Div 27; Keller v Keller, 100 App Div 325 * * * Massimino v Massimino, 5 Misc 2d 1041.) A motion for sequestration, after final judgment, must be considered, like a motion to punish for contempt for nonpayment of permanent alimony, a motion in the action. (See Pitt v Davison, 37 NY 235.) Since defendant appeared on the separation action, no further original process is necessary to bring the defendant within the jurisdiction of the court for the purpose of enforcing the judgment.” This court, therefore, rules that jurisdiction exists as to the defendant. Accordingly, jurisdiction is fully established.
As to (b) — notice:
Note is taken of the following:
I. The defendant knew of the custody provisions of the judgment.
II. She instituted the motion to change custody and knew that it had been denied.
III. She appealed from the order denying the application and did not prosecute it.
IV. She took the child ostensibly for the usual visit and did not return it to the father.
V. She shut off her phone.
*184 VI. She vacated her home and arranged for the sale of all of her household effects.
VII. She ordered her mail rerouted to an attorney who had refused to be retained.
In sum, she deliberately and continuously designed and arranged to remove the child from this jurisdiction and from the father, with full awareness that in so acting she would render ineffectual and nugatory the provisions of the judgment and order. In the light of these deliberate acts (I to VII, supra) one cannot ascribe her acts to ignorance or lack of understanding. On the contrary, it is plain that she knew what the next step would be, which properly viewed is the equivalent of notice and also manifests the intention to prevent notice from being given in the mistaken belief that she could avoid the consequences of her designs.
This court will not stand by nor submit to the high-handed contempt of this court, nor will the court permit and condone the great trauma to a young child of uprooting it from its home to travel as a gypsy from place to place, instead of being returned to the father, the one best suited to raise the child, as determined in several prior proceedings, where defendant had full opportunity to be heard.
Accordingly, and even in the absence of the defendant, and the possibility that orders of this court cannot be immediately effectuated, the motion is granted. The defendant is adjudged in contempt of court. She is directed to return the child to its father at once, failing which a commitment may issue for her arrest and imprisonment, with leave to purge by compliance with the terms of the order to be entered hereon.