■ In the Matter of SUSAN FERNBERG, Respondent, v RICHARD FERNBERG, Appellant.—Order unanimously modified in accordance with memorandum and as modified affirmed, without costs. Memorandum: Richard Fernberg, father of Lisa who is three years of age, appeals from Family Court's order which granted custody of Lisa to petitioner-respondent mother, with liberal visitation rights to the father. Both parties were given full opportunity to present their evidence and the court, with consent of the parties, ordered an investigation and report by the Ontario County Probation Department. The Family Court Judge also secured the consent of the parties to submit themselves and the child to the County Mental Health Clinic for psychological evaluation. The reports from these departments were made available to the parties and their attorneys for review and for

such use as they deemed advisable. The court's determination after deliberate consideration of all the proof was a proper exercise of the court's discretion and should not be disturbed. The parties are divorced and each has remarried. Lisa is now living with her mother in Virginia where the mother's present husband is employed. Among other visitation rights granted to the father when the mother was a New York resident, was the direction that the "petitioner (mother) shall deliver the child to respondent's (father) home at 9:00 a.m. each Saturday, and shall pick up the child at 7:00 p.m. on the following Sunday of each week." This arrangement continued until the mother moved to Virginia, but it is obvious that it cannot be continued because of the distance between the homes of the parties. New visitation provisions must be made and we remit the matter to the Ontario Family Court to determine what those provisions should be in view of the changed circumstances of the parties since the court's determination. The Ontario Family Court has jurisdiction to continue to hear this matter even though the mother and Lisa are now living in Virginia. The mother invoked the jurisdiction of the court by bringing this custody application. The Ontario Family Court secured jurisdiction over the parties and the child by the institution of these proceedings and it is within its power to bind the parties by subsequent orders even though the mother and child have now left the territorial boundaries of our State *(Michigan Trust Co. v Ferry,* 228 US 346; *Greenier v Greenier,* 261 App Div 1043; *Karpf v Karpf,* 260 App Div 701; *Ohlquist v Nordstrom,* 143 Misc 502, affd 238 App Div 766, affd 262 NY 696). Thus, the Ontario Family Court is not deprived of jurisdiction to hear this matter on its remission to it. (Appeal from order of Ontario County Family Court in custody proceeding.) Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ.